UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T.
GIANI, GARY E. SOBEK, CHARLES INGEL, FRED H. SMITH,
CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY
DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY
ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL
BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT
VELASQUEZ, and JAMES R. HETTI, on behalf of themselves         **COMPLAINT**
and all others similarly situated,

                                                                     *Jury Trial Demanded*

                        Plaintiffs,

    -against-

GARDA SECURITY, INC. and GARDA INTERNATIONAL, INC.

                     Defendants.
--------------------------------------------------------------------------------X

        Plaintiffs ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES INGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, and, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated, by and through their attorneys, FRANK & ASSOCIATES, P.C., bring this action against Defendants GARDA SECURITY, INC. and GARDA INTERNATIONAL, INC. (collectively "GARDA" OR "Defendants").

## **INTRODUCTION**

        1.    Plaintiffs and all others similarly situated ("The Class") bring this action based upon Defendants' violations of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C.A. § 2101, *et seq.*, as Defendants failed to serve The Class with sixty (60)-

1

day written notice of its relocation and did not timely file notice of intent to close as required by WARN.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 2101 *et seq*. and 28 U.S.C. §1331.

3. This action properly lies in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## PARTIES

4. The Class worked at Defendant's facility located at 1640 Veterans Memorial Highway, Central Islip, NY 11722. Their job duties included providing armored truck transportation, cash vault services from secure cash processing centers, ATM services, change fund services, and smart safes.

5. Defendant GARDA SECURITY INC. was and still is a foreign business corporation authorized to do business in New York.

6. GARDA INTERNATIONAL, INC. is the international security division of GARDA SECURITY INC.

7. Upon information and belief, Defendants together form a business enterprise, which employs over 45,000 workers

8. Upon information and belief, Defendants together are one of the largest privately owned business solutions and security service providers in the world, and one of the top ten fastest-growing security companies globally Their services include armored truck cash services and personal security for a wide range of domestic and international corporations.

**FACTUAL ALLEGATIONS**

9.      The Class worked at Defendants' facility located at 1640 Veterans Memorial Highway, Central Islip, NY 11722.

10.     On January 23, 2015, Defendants' Branch Manager, Sam La Rocca, Manager of Labor and Employee Relations, Lawrence K. Pontrelli, and Branch Manager, Prakash Varughese, met with GARDA employees and distributed a letter titled "Notice of Transfer, Termination of Employment, and Consolidation of Central Islip and Long Island City Operations at the Long Island City Facility."

11.     In the letter, Defendants advised the employees it was consolidating the Central Islip and Long Island City operations at 526 45th Avenue, Long Island City, New York 11101 effective February 1, 2015. Defendants offered to transfer the employees to the Long Island City facility, located almost fifty (50) miles away from Central Islip. However, Defendants' relocation created an unreasonable commuting distance for the employees, since almost all of them reside in Suffolk County.

12.     Furthermore, Defendants stated all employees would be terminated effective April 23, 2015, including those who agreed to be transferred to Long Island City.

13.     On February 1, 2015, Defendants closed its Central Islip facility and relocated to the Long Island facility without providing the employees with sixty (60) day written notice in violation of WARN. As a result, more than fifty (50) full-time employees experienced "employment loss" as defined in WARN.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23**
**CLASS ACTION ALLEGATIONS**

14.     Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 (the "Rule 23 Class") of the Federal Rules of Civil Procedure

3

consisting of all persons who work or have worked for Defendants and did not receive the mandated sixty (60)-day written notice of Defendants' relocation.

15. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

16. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

17. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

18. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

   a. Whether the Defendants provided 60-day written notice to The Class prior to relocating its Central Islip facility to the Long Island City facility.

   b. Whether the Defendants' "plant closing" resulted in an employment loss for fifty (50) or more of The Class.

   c. Whether Defendants' relocation from the Central Islip facility to the Long Island City facility is not a reasonable commuting distance" for The Class, which required sixty (60) notification under WARN.

19. The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Defendants have acted and have refused to act on grounds generally applicable

to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

20.  Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' failure to provide 60-day written notice of its relocation.

21.  Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

22.  Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

23.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is

5

superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

24. Current employees could fear to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF
FOR FAILURE TO PROVIDE PROPER
NOTICE BEFORE THE PLANT CLOSING
IN VIOLATION OF THE WARN ACT**

25. Defendants closed its facility located at 1640 Veterans Memorial Highway, Central Islip, NY 11722 and relocated it to 526 45th Avenue, Long Island City, NY 11101, which is located about fifty (50) miles from Central Islip.

26. While Defendants offered to transfer employees to the Long Island City Facility, such location was not within a reasonable commuting for employees, since the vast majority of them reside in Suffolk County.

27. Defendants' "plant closing" resulted in employment loss at its Central Islip facility for more than fifty (50) full-time employees

28. Defendants failed to serve employees at the Central Islip facility with sixty (60)-day written notice of its relocation.

29. Therefore, The Class is entitled to back wages and employment benefits for the period of violation, up to sixty (60) days, an additional penalty of $500 for each day of the violation, reasonable attorney fees, and costs of this lawsuit.

## **PRAYER FOR RELIEF**

**WHEREFORE,** The Class prays for the following relief:

    i.        Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    ii.       Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

    iii.      Back wages and employment benefits for the period of violation, up to sixty (60) days;

    iv.      Damages in the amount of $500 for each day of the violation;

    v.       Reasonable attorneys' fees and costs incurred in prosecuting these claims; and

    vi.      Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Farmingdale, New York
          July 28, 2015

                                        FRANK & ASSOCIATES, P.C.

                                      By:        _____/s_____
                                                        Neil M. Frank
                                                        500 Bi-County Blvd., 465
                                                        Farmingdale, New York 11735
                                                        Tel. (631) 756-0400
                                                        Fax (631) 756-0547
                                                        promero@laborlaws.com

                                                        *Attorneys for Plaintiffs*