# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated, | Case No.  15-cv-04394 (JMA) (AYS) |

Plaintiffs,

       -against-

Garda CL Atlantic, Inc.,

Defendant.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated, | Case   No.   2:17-CV-03185 (JMA) (AYS) |

Plaintiffs,

       -against-

GARDA CL ATLANTIC, Inc.,

Defendant.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1

45487032;1

This Settlement Agreement and Release ("Agreement") is entered into between Plaintiffs, ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI (the "Named Plaintiffs"), on behalf of themselves and others similarly situated, on the one hand, and, GARDA CL ATLANTIC, INC. ("Garda") on the other hand in the above-styled cases (the "Litigation"). Garda and the Named Plaintiffs (collectively the "Settling Parties") agree to do all things and procedures reasonably necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Garda of the consideration expressed in this Agreement subject to the terms, conditions and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims as set forth in this Agreement; and (c) other valuable monetary and non-monetary consideration as set forth in this Agreement. This Agreement is contingent upon preliminary and final approval by the Court as set forth herein and is entered into voluntarily by the Settling Parties for settlement purposes only.

## I.    CONSENT TO COURT-FACILITATED NOTICE

A.    The Settlement Class Members. For settlement purposes only, the Settling Parties agree that the Named Plaintiffs and the "Potential Opt-In Plaintiffs" (as defined below) are similarly-situated for purposes of Federal Rule of Civil Procedure 23 and consent to Court-facilitated notice to the Named Plaintiffs and Potential Opt-in Plaintiffs (collectively, the "Settlement Class Members"). The Settlement Class shall include only those individuals who worked for Garda at its Central Islip Branch as of January 23, 2015, which encompasses eighty-six individuals (inclusive of the Named Plaintiffs). The Settlement Class Members are identified by Identification Numbers on Exhibit A.

B.    Cooperation. The Settling Parties shall cooperate and present to the Court for its consideration in connection with the preliminary approval of the Agreement and Court-facilitated notice such information as may be reasonably requested by the Court for preliminary approval of the settlement and facilitated notice.

## II.    PRELIMINARY SETTLEMENT APPROVAL PROCEDURE

Within fifteen (15) days of the date this Agreement is fully executed by all signing parties, Counsel for the Settling Parties shall file with the Court a *Joint Motion for Preliminary Approval of the Class Action Settlement and Authorizing Notice of Settlement and Opportunity To File Consent to Join And Release Form* ("Preliminary Approval Motion") along with the proposed Notice of Settlement, Consent to Join, and Release Form (collectively, the "Notice Packet"), which is attached to this Agreement as Exhibit B, advising the Named Plaintiffs and Potential Opt-In Plaintiffs of the material terms and provisions of this settlement, the procedure for submitting Consent to Join and Release Form, and his/her/their rights with respect to this settlement. The Preliminary Approval Motion shall seek the entry of an Order:

45487032;1

A.    Conditionally certifying the class of the Settlement Class Members for purposes of the Settlement Agreement (the "Settlement Class");

B.    Appointing Frank and Associates, PC as Class Counsel;

C.    Appointing the Named Plaintiffs as Class Representatives for the Settlement Class;

D.    Approving Arden Claims as Settlement Claims Administrator;

E.    Preliminarily approving the Agreement and its terms as fair, reasonable, and adequate;

F.    Approving the form and content of the Notice Packet and directing the mailing of same.

The Settling Parties shall request for the settlement to be preliminarily approved without a formal hearing and based on the submission of pleadings only.

## III.   <u>NOTICE TO SETTLEMENT CLASS</u>

Following preliminary approval, the Settlement Class shall be notified as follows:

A.    Within ten (10) business days after entry of an order preliminarily approving this Agreement, Garda will provide the Settlement Claims Administrator with the names, last known addresses, and social security numbers (in electronic format) of the Settlement Class Members, including the dates of employment and the amount of earnings paid to each Settlement Class member during the Representative Earnings Period (defined in Section V.F.c.i below). Within ten (10) business days after the entry of an order preliminarily approving this Agreement, Garda will also advance to the Settlement Administrator $10,000 of the Settlement Administrator costs, which shall be deducted from the Gross Fund defined in Section V.A. below.

B.    Within five (5) calendar days from receipt of this information, the Settlement Claims Administrator shall (i) run the names of all Settlement Class Members through the National Change of Address ("NCOA") database to determine any updated addresses for Settlement Class Members, (ii) update the addresses of any Settlement Class Member for whom an updated address was found through the NCOA search, and (iii) mail the Notice Packet to each Settlement Class member at his or her last known address or at the updated address found through the NCOA search, and retain proof of mailing.

C.    The Settlement Claims Administrator shall use its best professional efforts, including performing a "skip trace," to track any Settlement Class Member's mailing returned as undeliverable, and will re-send the Notice Packet promptly, and in any event within three (3) business days of identifying updated mailing addresses through such efforts. The address identified by the Settlement Claims Administrator as the current mailing address shall be presumed to be the best mailing address for each Settlement Class Member. It will be conclusively presumed that, if an envelope so mailed has not been returned within thirty (30) days of the mailing, the Settlement Class Member received the Notice Packet.

D.    The Named Plaintiffs do not need to file a claim form to opt-in to the settlement and will receive a unique Notice Packet that provides them with thirty (30) days from the date of mailing to opt-out of the Settlement Class, advises them of the opportunity to consult with counsel of their choice, and notifies them of the rights and consequences associated with their options.  The remainder of the Settlement Class Members will be provided with a separate notice form that provides them with 60 days from the date of mailing to opt-in and become a Qualified Claimant.  These deadlines are referred to in this Agreement as the "Claim Bar Date."

E.    In the event that Named Plaintiffs' Counsel or the Settlement Claims Administrator is contacted by a Named Plaintiff or a Potential Opt-In Plaintiff before the Claim Bar Date and such person indicates that he or she did not receive the Notice Packet, the Settlement Claims Administrator shall mail an additional Notice Packet to the mailing address provided by the Named Plaintiff or Potential Opt-In Plaintiff. In the event of re-mailing to a Potential Opt-In Plaintiff, the deadline for returning a properly-executed Consent to Join and Release Form shall be Sixty (60) days after the date the first Notice Packets were mailed out or Fifteen (15) days from the date of re-mailing, whichever is later.  In the event of re-mailing to a Named Plaintiff, the deadline for returning the properly executed opt-out form shall be thirty (30) days after the date the first Notice Packet was mailed out or fifteen (15) days from the date of re-mailing, whichever is later.

F.    In the event of any dispute over the submission of any claims from either the Named Plaintiffs or any Potential Opt-In Plaintiffs, the Settling Parties will meet and confer in good faith in an effort to resolve the dispute, and if the Settling Parties are unable to reach an agreement, the Settlement Claims Administrator shall decide the dispute, assuming in making that decision that Garda's records are accurate and valid, and the Settlement Claims Administrator's decision will be final. To the extent a claim is submitted late and the Settling Parties mutually agree there is a good faith and reasonable explanation to support the late submission, the Settling Parties agree that the Settlement Claims Administrator may accept it, if submitted prior to the date payments are distributed.

G.    The Named Plaintiffs who do not opt-out and the Potential Opt-In Plaintiffs who timely return completed and executed Consent to Join and Release Forms will be considered "Qualified Claimants" entitled to receive their Service Award, if applicable, and finalized share of the Revised Gross Fund (as defined in Section V.F.c.i below).

H.    In the event any Consent to Join and Release Form is timely submitted but does not contain a signature or sufficient information to identify the Potential Opt-In Plaintiff, the Settlement Claims Administrator shall provide the Potential Opt-In Plaintiff with a letter requesting the information that was not provided and giving the Potential Opt-In Plaintiff a period of Fifteen (15) days to respond. Any Potential Opt-In Plaintiff who fails to respond timely to a cure letter will not be considered a Qualified Claimant.

I.    Within Ten (10) days after the Claim Bar Date, the Settlement Claims Administrator shall provide to Garda's Counsel and Named Plaintiffs' Counsel a list of Qualified Claimants and shall provide electronic copies of all timely received and completed Consent to Join and Release Forms, as well as any timely received and completed Named Plaintiff Opt-Out forms.

J.      At the conclusion of the settlement administration process, the Settlement Claims Administrator shall maintain an electronic copy of all forms and shall provide the original Consent to Join and Release Forms to Counsel for Garda.

K.      Requests for Exclusion/Rescission. Any Potential Opt-In Plaintiff who wishes to opt-out of the settlement must complete and mail a Request for Exclusion (defined below) to the Settlement Administrator within sixty (60) calendar days of the date of the initial mailing of the Notice Packets (the "Response Deadline").

> a.  The Notice Packet shall state that Settlement Class members who wish to exclude themselves from the settlement must submit a Request for Exclusion by the Response Deadline.  The Request for Exclusion must: (1) contain the name, address, telephone number and the last four digits of the Social Security number of the Settlement Class member, (2) contain a statement that the Settlement Class member wishes to be excluded from the Settlement; (3) must be signed by the Settlement Class member; and (4) must be postmarked by the Response Deadline and mailed to the Settlement Administrator at the address specified in the Class Notice.  If the Request for Exclusion does not contain the information listed in (1)-(3), it will not be deemed valid for exclusion from this settlement, except a Request for Exclusion form not containing a Settlement Class Member's telephone number and/or last four digits of the Social Security number will be deemed valid.  The date of the postmark on the Request for Exclusion, shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted.  Any Settlement Class Member who requests to be excluded from the Settlement Class will not be entitled to any recovery under this Agreement and will not be bound by the terms of the settlement or have any right to object, appeal or comment thereon.

> b.  If ten percent (10%) or more of the Settlement Class Members or twenty-five percent (25%) or more of the Named Plaintiffs opt-out from the Settlement, Garda may, at its discretion, elect to revoke the Agreement and stipulation to class certification by communicating that decision to both the Settlement Administrator and Class Counsel, provided however, Garda will be responsible for any costs and fees incurred by the Settlement Administrator up to that point.  In that event, the Named Plaintiffs will be permitted to pursue the Litigation as though no settlement occurred but the parties will retain the services of Martin Scheinman to attempt to work through an alternative resolution.

## IV.     FINAL APPROVAL

A.      Within fifteen (15) days after receipt of the redacted Consent to Join and Release Forms from the Settlement Claims Administrator, and assuming Garda does not exercise its option under Section III.K of this Agreement, the Settling Parties shall jointly apply to the Court for entry of a Final Order and Judgment:

> a.  Granting final approval to the Agreement and adjudging its terms to be fair, reasonable, and adequate;

45487032;1

b. Approving Named Plaintiffs' and Class Counsel's application for attorneys' fees, Class Representative Service Awards, and settlement administration costs in the manner and amount set forth in Section V.F.b below; and

c. Dismissing the Litigation with prejudice pursuant to the Federal Rules of Civil Procedure.

## V.   MODE, CALCULATION AND TIMING OF PAYMENT OF CLAIMS

A.   Maximum Settlement Amount/Gross Fund.   In consideration for the dismissal with prejudice of the Litigation as well as the release of all claims effected by this Agreement and other good and valuable consideration, Garda shall pay a maximum of Four Hundred and Twenty-Five Thousand Dollars and Zero Cents ($425,000) to settle the Litigation for the benefit of the Settlement Class (the "Gross Fund") on a claims-made basis. Subject to the terms of this Agreement, the Gross Fund is inclusive of payment for: (1) the Potential Gross Settlement Payments for Settlement Class Members; (2) all Service Awards sought from and approved by the Court; (3) all attorneys' fees, costs, and litigation expenses approved by the Court, including those in connection with securing Court approval of this Agreement, the claims process and implementing this Agreement, other than fees and costs awarded in connection with any successful proceeding to enforce the terms of this Agreement; and (4) all costs incurred by the Settlement Claims Administrator.   The Gross Fund shall be the maximum amount that Garda or Released Parties (as defined below) shall pay to settle the Litigation, except that the Gross Fund is exclusive of Garda's payroll tax obligations. Accordingly, applicable employer payroll taxes shall be paid by Garda in addition to the Gross Fund.

B.   Creation and Implementation of a Qualified Settlement Fund.   Establishing the Qualified Settlement Fund. The Revised Gross Fund will be deposited in an account titled Garda Settlement Fund (the "Settlement Fund"), intended by the Settling Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, et seq. The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, et seq., and shall be administered by the Settlement Claims Administrator, subject to the ultimate authority of the Court.

C.   Administering the Settlement Fund. The Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund, including the handling of tax- related issues and payments. The Settlement Claims Administrator shall act in a manner necessary to qualify the Settlement Fund as a Qualified Settlement Fund and to maintain that qualification. The Settling Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Settling Parties agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

D.   Tax Withholding and Reporting.

a. <u>Employment Taxes.</u> The Settling Parties recognize that the Potential Gross Settlement Payments to Qualified Claimants will be subject to applicable tax withholding and reporting. As applicable, the Settlement Claims Administrator shall be responsible for withholding and timely remitting and reporting to the appropriate federal, state, and local taxing authorities the employee's share of payroll taxes from the back wage/payment of each Qualified Claimant and shall be responsible for paying the employee's share of payroll taxes or contributions (i.e. FICA, FUTA, SUTA, and Medicare) from the back wage payment of each Qualified Claimant (as described in Section III.G above) of the Settlement Fund. The Settlement Claims Administrator also shall be responsible for timely remitting and reporting to the appropriate federal, state, and local taxing authorities the employer's share of payroll taxes, which Garda shall pay in addition to the Gross Fund consistent with Section V.A above. Subject to the Settlement Claims Administrator's obligation to comply with applicable laws, service award payments, and attorneys' fees and costs shall not be subject to withholding and shall therefore be reported to the IRS on Form 1099.

b. <u>Other Payments and Indemnification</u>. The Settlement Claims Administrator shall satisfy from the Settlement Fund: all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and any and all taxes, penalties and other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.

E.   <u>Communication with Garda and Counsel</u>. Named Plaintiffs' Counsel and Garda's Counsel are authorized to communicate directly with the Settlement Claims Administrator to expedite the settlement administration process.

F.   <u>Allocation of the Gross Fund</u>

a. <u>Service Awards</u>. From the Gross Fund, Counsel for the Named Plaintiffs shall seek Service Awards and consideration for the Named Plaintiffs in the amount of One Thousand Dollars and No Cents ($1,000.00) each, for the Named Plaintiffs' involvement and assistance in commencing the claims represented in this litigation and in helping to bring about this collective outcome. Garda may also seek additional service awards for other Settlement Class Members and in that event shall specifically identify those persons to Named Plaintiffs' counsel, and Named Plaintiffs' Counsel agrees not to object to their request and receipt of Service Awards. The settlement is not conditioned upon the Court's approval of the requested Service Awards, and any amounts that are not approved by the Court for this Service Award shall revert back to the Gross Fund for allocation in the Revised Gross Fund.

b. <u>Attorneys' Fees and Costs Amounts</u>. Named Plaintiffs' Counsel shall make an application to the Court for an award of Thirty-Three and One-Third Percent (33 1/3%) of the Gross Fund, agreed to be $141,666.00, for attorneys' fees and costs.

45487032;1

Garda will not oppose the foregoing requests and application for attorneys' fees and costs by Named Plaintiffs' Counsel. In the event the Court does not approve such application for attorneys' fees and costs, the funds that are not approved shall revert to the Gross Fund for allocation in the Revised Gross Fund. Payment of such attorneys' fees, expenses, and costs to Named Plaintiffs' Counsel shall be made in accordance with this Agreement and shall constitute full satisfaction of any and all obligations by Garda to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of the Settlement Class Members. The Settlement Claims Administrator shall report the payment of these attorneys' fees, expenses and costs to Named Plaintiffs' Counsel on an IRS Form 1099.

c. <u>Revised Gross Fund</u>. The amount approved by the Court for the Service Awards, attorneys' fees, and costs, as well as the costs and expenses of the Settlement Claims Administrator, shall be deducted from the Gross Fund to obtain a "Revised Gross Fund."

    i. <u>Allocation of Revised Gross Fund</u>. All Qualified Claimants shall receive a settlement payment based on each Settlement Class Member's proportionate gross wages during calendar year 2014 through January 23, 2015 (the "Representative Earnings Period"), by multiplying the Revised Gross Fund by a fraction, the numerator of which is the Settlement Class Member's individual gross earnings during the Representative Earnings Period and the denominator of which is the total amount of gross wages earned by the Settlement Class Members during the Representative Earnings Period (the "Potential Gross Settlement Payment"). The Revised Gross Fund shall be allocated to the Settlement Class identified on the confidential list to be provided by Garda to the Settlement Claims Administrator as set forth in Section I(A) above. The sum of the Potential Gross Settlement Payments for the Settlement Class shall equal the Revised Gross Fund. Garda will not fund, and will not owe, any unclaimed settlement shares.

d. <u>No Additional Benefits or Compensation</u>. It is expressly understood and agreed that the receipt of any payment under this Agreement will not entitle any Qualified Claimant to any compensation or benefits under any of Garda's bonus, contest, or other compensation or benefit plans or agreements. Nor will the receipt of such payments entitle any Qualified Claimant to any retirement, 401K benefits or matching benefits or deferred compensation benefits. The Qualified Claimants are not entitled to any new or additional compensation or benefits as a result of having received payments pursuant to this Agreement (notwithstanding any contrary language or agreement in any benefit or compensation plan document.)

e. <u>Taxes on the Potential Gross Settlement Payments</u>. The Potential Gross Settlement Payments attributed to Named Plaintiffs and the Potential Opt-In Plaintiffs will be treated as wages payable on a W2 basis. As such, the payments

45487032;1

shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state or local-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.). The Service Award Payments shall be treated as non-wages.  The Settlement Claims Administrator shall report the back wage payments to the Internal Revenue Service ("IRS") on IRS Forms W-2 and shall report the Service Award payments on IRS Forms 1099.

      f.   <u>Tax Advice</u>. The Named Plaintiffs and Potential Opt-in Plaintiffs acknowledge and agree that they have not relied upon any advice from Garda as to the taxability of the payments received pursuant to this Agreement.

      G.   <u>Timing of Garda's Funding Of The Claimed Settlement Amount.</u> Within ten (10) days of the Court's entry of the Final Approval Order, Garda will pay to the Claimed Settlement Amount by wire transfer to a Depository bank chosen by the Settlement Claims Administrator. The Claimed Settlement amount consists of:  (1) the Qualified Claimants' Potential Gross Settlement Payments; (2) the Court-approved attorneys' fees and expenses; (3) the Court-approved Named Plaintiff Service Awards; and (4) the $10,000.00 balance of the Settlement Administrator Fees.

      H.   <u>Timing Of Payments To Named Plaintiffs' Counsel And Qualified Claimants</u>. Within thirty (30) days of the Court's entry of the Final Approval Order, the Settlement Claims Administrator shall (1) pay to Named Plaintiffs' Counsel the entire amount of attorneys' fees, costs and litigation expenses as has been approved and ordered by the Court; and (2) issue checks to all Qualified Claimants' in the settlement award amounts calculated as set forth in Section V.F.C.i.

      I.   <u>Negotiation of Settlement Checks</u>. Qualified Claimants will have ninety days (90) days after the date on the settlement checks (the "Check Issuance Date") in which to negotiate the checks. If any Qualified Claimant does not negotiate his or her settlement check within 90 days after the Check Issuance Date, the check will be void, and no such void checks will be reissued. Any funds remaining in the Qualified Settlement Fund after payment to: (1) all Qualified Claimants who timely negotiate their settlement checks; (2) all attorneys' fees, costs, and litigation expenses approved by the Court; (3) pre-approved Settlement Claims Administrator fees and costs in connection with the Settlement Fund including, but not limited to, those related to notice, check cutting and mailing, claims processing, court filings, legal and accounting advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards to Qualified Claimants, preparation of tax returns (and the taxes associated with such tax returns as defined below); and (4) applicable federal, state and local income taxes, and all federal and state unemployment taxes required to be withheld and/or paid by Garda, shall revert to Garda and must be returned to Garda by the Settlement Claims Administrator.

      J.   For purposes of this Agreement, the date of entry of the Court's Final Approval Order shall be defined as the date on which the Court enters an Order granting Final Approval or, solely in the event that there are any objections to the settlement (the filing of an objection being

a prerequisite to the filing of an appeal), the later of: (1) the last date on which any appeal might be filed or (2) the successful resolution of any appeal(s),  including expiration of any time to seek reconsideration or further review (the Agreement's "Effective Date").

## VI.    SETTLEMENT CLAIMS ADMINISTRATOR

A.    <u>Settlement Claims Administrator Responsibilities</u>. The Settlement Claims Administrator shall be responsible for: (a) determining and finalizing the calculations of the individualized Potential Gross Settlement Payments and the tax withholding amounts for the Named Plaintiffs and Potential Opt-In Plaintiffs who are Qualified Claimants, as applicable; (b) preparing, printing and disseminating to the Named Plaintiffs and Potential Opt-In Plaintiffs the Notice Packet and return envelope; (c) copying counsel for the Settling Parties on material correspondence and promptly notifying counsel for the Settling Parties of any material requests or communications made by any Named Plaintiff or Potential Opt-In Plaintiff who receives Notice; (d) preparing, monitoring and maintaining a toll-free number with phone answerer until thirty (30) days after the mailing of checks to Qualified Claimants; (e) receiving and reviewing the Consent to Join and Release Forms submitted by the Named Plaintiffs and Potential Opt-In Plaintiffs to determine eligibility for payment; (f) determining the final Settlement Payment for each Qualified Claimant in accordance with this Agreement; (g) mailing the service awards and settlement checks to Qualified Claimants; (h) wiring Named Plaintiffs' Counsel's attorneys' fees, expenses, and costs in accordance with this Agreement and Order of the Court; (i) paying all payroll tax obligations of Garda in accordance with this Agreement; (j) issuing W-2 and 1099 Forms for all amounts paid to Qualified Claimants; (k) ascertaining current address and addressee information for each Notice Packet returned as undeliverable; (1) responding to inquiries of the Named Plaintiffs and Potential Opt-In Plaintiffs regarding the tern's of settlement and procedures for returning Consent to Join and Release Forms; (m) referring to the Settling Parties' counsel all inquiries by the Named Plaintiffs and Potential Opt-In Plaintiffs about the amount of any Qualified Claimant's individual estimated settlement payment, to the extent the Settlement Claims Administrator is unable to answer such inquiries; (n) responding to inquiries of Plaintiffs' or Garda's Counsel; (o) promptly apprising counsel for the Settling Parties of the activities of the Settlement Claims Administrator; (p) maintaining adequate records of its activities, including the date of the mailing of the Notice Packets and receipt of Consent to Join and Release Forms, returned mail and other communications and attempted written or electronic communications with the Named Plaintiffs and Potential Opt-In Plaintiffs; (q) confirming in writing to Plaintiffs' Counsel and Garda's Counsel and the Court its completion of the administration of the settlement and retaining copies of all endorsed settlement checks; (r) timely responding to communications from the Settling Parties or their counsel; and (s) such other tasks as the Settling Parties mutually agree.

B.    <u>Settlement Fund Fees and Expenses</u>. The fees, expenses and costs of the Settlement Administrator are anticipated to be no greater than $20,000.  Regardless of the actual expense, all fees, expenses, and costs of the Settlement Claims Administrator related directly or indirectly to the Settlement Fund be paid from the Gross Fund, including but not limited to all

fees, expenses, and costs in connection with the Settlement Fund (including, but not limited to, those related to notice, check cutting and mailing, claims processing, court filings, legal and accounting advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards to Qualified Claimants, preparation of tax returns (and the taxes associated with such tax returns as defined below)).

C.   <u>Reporting by Settlement Claims Administrator.</u> Throughout the period of claims administration, the Settlement Claims Administrator will provide such reports to the Settling Parties upon request by either Settling Party, regarding the status of the mailing of the Notice Packets to the Named Plaintiffs and Potential Opt-In Plaintiffs, the claims administration process, the receipt of Consent to Join and Release Forms, and distribution of the Settlement Checks or any other aspect of the claims administration process.

D.   <u>CAFA Notice</u>.   The Settling Parties Agree that the Settlement Claims Administrator shall service notice of the settlement (via Federal Express) that meets the requirements of CAFA, 28 USC 1715, on the approval federal and state offices no later than 10 days after the filing of this Settlement Agreement with the Court.

## VII.   <u>RELEASE BY SETTLEMENT CLASS AND QUALIFIED CLAIMANTS</u>

A.   <u>Release</u>. Upon the Effective Date, the Named Plaintiffs and all Settlement Class Members, inclusive of their respective heirs, executors, representative, agents, legal representatives, assigns and successors (the "Releasing Parties") forever release and discharge all claims, known or unknown, that may have been brought by any Settlement Class Member against Garda and all of its respective employees, officers, managers, directors, agents, attorneys, insurers, stockholders, partners, parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successor, assigns, and any individual or entity which could be jointly liable with these entities (collectively the "Released Parties") that are in any way related to the facts or claims that were alleged or could have been alleged in the Litigation or arise/relate to their employment with Garda, whether or not such claims are in the nature of back wages, lost wages, compensatory damages, lost benefits, liquidated damages, interest, statutory or civil penalties, attorneys' fees or injunctive relief, either in contract, tort, in equity, in common law, or pursuant to a statutory remedy. The Named Plaintiffs further and specifically agree to release the Released Parties from any and all federal, state, and local wage and hour claims including but not limited to claims under the Fair Labor Standards Act, known and unknown, which they may have arising from work performed for Garda relating back to February 1, 2010. Further, all Qualified Claimants who are not Named Plaintiffs or otherwise signatories hereto agree to execute a Consent to Join and Release Form which shall release the Released Parties from any and all federal, state, and local wage and hour claims including but not limited to claims under the Fair Labor Standards Act, known and unknown, which they may have arising from work performed for Garda relating back to February 1, 2010.   These claims shall collectively be known as the "Released Claims."

## VII.   <u>DISCLOSURE OF SETTLEMENT INFORMATION</u>

A.     Confidentiality Obligations of the Named Plaintiffs. The settlement is not confidential; however, Plaintiffs' Counsel and the Named Plaintiffs agree to make no statements to the media and issue no press or media release concerning this settlement.

## IX.   NOTICES

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or by Federal Express, or similar overnight courier, postage prepaid, to the undersigned persons at their respective addresses as set forth herein:

> if to Garda:          Jessica T. Travers, Esq., Akerman LLP, 50 N. Laura Street, Suite 3100, Jacksonville, FL 32202

> if to Plaintiffs and the Settlement Class:

Counsel may designate a charge of the person to receive notice, change of address, or change of method, from time to time, by giving notice to all parties in the manner described in this Section.

## X.    REPRESENTATION BY COUNSEL

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

## XI.   NO ADMISSION OF LIABILITY

Garda enters into this Agreement to avoid further expense and disruption to its business. The Settling Parties acknowledge and agree that liability for the actions that are the subject matter of this Agreement is disputed by Garda. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement. The Settling Parties further acknowledge and agree that this Agreement, the Memorandum of Understanding ("MOU"), and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith including the MOU, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.  Nothing in the Agreement or MOU shall operate or be construed as an admission of any liability or that class certification is appropriate in any context other than this settlement. If Preliminary or Final Approval does not occur, or if Garda exercises its option to revoke the Agreement as set forth in Section III, the Parties agree that the MOU and the Agreement is void and is not admissible.

## XII.  MODIFICATION OF AGREEMENT

45487032;1

This Agreement may not be modified or amended except in writing, signed by the affected Settling Parties or the respective counsel of record for the Settling Parties and as approved by the Court.

## XIII.  CONSTRUCTION AND INTERPRETATION

A.      Entire Agreement. This Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter contained herein. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof. The Named Plaintiffs and Garda participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither the Named Plaintiffs nor Garda may claim that any ambiguity in this Agreement should be construed against the other.

B.      No Reliance on Representations or Extrinsic Evidence. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict the Agreement's terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

C.      Controlling Law. This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of New York as well as precedent under the United States Court of Appeals for the Second Circuit.

D.      No Assignment. Plaintiffs' Counsel and the Named Plaintiffs, on behalf of themselves and Potential Opt-in Plaintiffs, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

E.      Headings for Convenience Only. The headings in this Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

F.      No Party Is The Drafter.  None of the parties to this Agreement shall be considered the primary drafter of this Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

## XIV. COUNTERPARTS

45487032;1

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed electronically and in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

## XV.  BINDING EFFECT

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement. Without limiting the foregoing, this Agreement specifically shall inure to the benefit of Garda as well as its employees, officers, managers, directors, agents, attorneys, insurers, stockholders, partners, agents, parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successor, assigns, and any individual or entity which could be jointly liable with these entities (collectively the "Released Parties"). Also without limiting the foregoing, this Agreement shall be binding upon the spouses, children, heirs, assigns, administrators, executors, beneficiaries, conservators, successors and offspring of all Qualified Claimants.

## XIX.  ATTORNEYS' FEES, COSTS AND EXPENSES

Except as otherwise specifically provided herein, the Settling Parties and all Qualified Claimants shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.

A.     Prevailing Party Fees. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

B.     Continuing Jurisdiction. To the extent allowed by law, the Court will retain continuing jurisdiction for the purpose of implementing, interpreting, or enforcing this Agreement, the Approval of Settlement, dismissal with prejudice of the Lawsuit, and post-judgment issues, until all matters are fully resolved.  Any dispute regarding the Parties' obligations pursuant to this Agreement and/or interpretation of this Agreement that arises will be presented by written motion to, and resolved by, the Court.

## XVII.  AUTHORITY OF COUNSEL

A.     Facsimile and Electronic Signatures. Any Settling Party may execute this Agreement by signing or by causing its counsel to sign on the designated signature block below and transmitting that signature page electronically and/or via facsimile or email to counsel for the other Settling Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile or email.

45487032;1

B. <u>Voluntary Signature.</u> All Settling Parties agree that they have signed this Agreement, or authorized their counsel to sign this Agreement on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion.

C. <u>Warranty of Counsel.</u> Plaintiffs' Counsel warrant and represent that they are expressly authorized by the Named Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. Counsel for Garda warrants and represents that they are authorized to take all appropriate action required or permitted to be taken by Garda pursuant to this Agreement in order to effectuate its terms.

D. <u>Best Efforts.</u>  The Settling Parties agree to use their best efforts to obtain Court approval of this Agreement, subject, however, the rights to terminate this Agreement as specifically set forth herein.

## XVIII.    EFFECT OF NON-APPROVAL

In the event that the Agreement is not approved by the Court for any reason in the form it is submitted by the Settling Parties, other than items pertaining to the attorneys' fees and costs and service awards provided for in Section V.F., and/or if the Court does not approve the release of all claims as completed by the Release in Section VII, the Settling Parties will attempt to address any concerns raised by the Court and resubmit a revised settlement agreement, if possible. If the Settling Parties cannot agree on a revised settlement agreement or if the Court denies the approval of a renegotiated settlement agreement, this Agreement or the re-negotiated agreement shall be terminated as of the date the Court's order denying approval of the Agreement or renegotiated agreement was entered and the Settling Parties will be returned to their respective positions existing immediately before the execution of the MOU and the Agreement.  Upon termination of this Agreement or any  renegotiated agreement: (A) this Agreement and, if applicable, the renegotiated agreement shall have no force or effect and no Settling Party shall be bound by any of its terms;  (B) the stipulation that the Potential Opt-in Plaintiffs are similarly situated to the Named Plaintiffs under the Worker Advanced Retraining and Notification Act and/or any other law and the releases given shall be null and void; (C) Garda shall retain the right to contest whether the Litigation should be maintained as a class action, and to contest the merits of the claims being asserted in the case; and (E) nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of  any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation.  In the event this Agreement is not approved by the Court, or the Agreement is declared null and void, or in the even the Effective Dates does not occur, each party shall bear its own attorneys' fees and costs and Garda's payment obligations shall cease to exist and be unenforceable.

IN WITNESS WHEREOF, the Parties hereto, have executed this Agreement as of the date first herein written.

45487032;1

## XVIII.    EFFECT OF NON-APPROVAL

In the event that the Agreement is not approved by the Court for any reason in the form it is submitted by the Settling Parties, other than items pertaining to the attorneys' fees and costs and service awards provided for in Section V.F., and/or if the Court does not approve the release of all claims as completed by the Release in Section VII, the Settling Parties will attempt to address any concerns raised by the Court and resubmit a revised settlement agreement, if possible. If the Settling Parties cannot agree on a revised settlement agreement or if the Court denies the approval of a renegotiated settlement agreement, this Agreement or the re-negotiated agreement shall be terminated as of the date the Court's order denying approval of the Agreement or renegotiated agreement was entered and the Settling Parties will be returned to their respective positions existing immediately before the execution of the MOU and the Agreement.  Upon termination of this Agreement or any  renegotiated agreement: (A) this Agreement and, if applicable, the renegotiated agreement shall have no force or effect and no Settling Party shall be bound by any of its terms; (B) the stipulation that the Potential Opt-in Plaintiffs are similarly situated to the Named Plaintiffs under the Worker Advanced Retraining and Notification Act and/or any other law and the releases given shall be null and void; (C) Garda shall retain the right to contest whether the Litigation should be maintained as a class action, and to contest the merits of the claims being asserted in the case; and (E) nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of  any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation. In the event this Agreement is not approved by the Court, or the Agreement is declared null and void, or in the even the Effective Dates does not occur, each party shall bear its own attorneys' fees and costs and Garda's payment obligations shall cease to exist and be unenforceable.

IN WITNESS WHEREOF, the Parties hereto, have executed this Agreement as of the date first herein written.

DATED:                                       GARDA CL ATLANTIC, INC.


By: _____


DATED:                                       ANTHONY TANZA

6|19|18                                  By: _Anthony Tanza_ (PB)
                                         Named    Plaintiff   and   Settlement   Class
Representative

DATED:                                       MICHAEL BOSMAN

DATED:      June 17, 2018                    GARDA CL ATLANTIC, INC.

                                             By: _____


DATED:                                       ANTHONY TANZA


                                             By:_____
                                                  Named   Plaintiff   and   Settlement   Class
                                             Representative

DATED:                                       MICHAEL BOSMAN


                                             By:_____
                                                  Named   Plaintiff   and   Settlement   Class
                                             Representative

DATED:                                       ROBERT T. GIANI


                                             By:_____
                                                  Named   Plaintiff   and   Settlement   Class
                                             Representative

DATED:                                       GARY E. SOBEK


                                             By:_____
                                                  Named   Plaintiff   and   Settlement   Class
                                             Representative

DATED:                                       CHARLES ENGEL


                                             By:_____
                                                  Named   Plaintiff   and   Settlement   Class
                                             Representative

DATED:                                       CARMELA A. SYZMANSKI


                                             By:_____

45487032;1

By: _____

Named     Plaintiff    and    Settlement    Class
Representative

DATED: _____                ROBERT T. GIANI


By: _____

Named     Plaintiff    and    Settlement    Class
Representative

DATED: _____                GARY E. SOBEK


By: _____

Named     Plaintiff    and    Settlement    Class
Representative

DATED: _____                CHARLES ENGEL


By: _____

Named     Plaintiff    and    Settlement    Class
Representative

DATED: _____                CARMELA A. SYZMANSKI


By: _____

Named     Plaintiff    and    Settlement    Class
Representative

DATED: _____                WILLIAM R. SHANNON


By: _____

Named     Plaintiff    and    Settlement    Class
Representative

DATED: _____                BARRY DUBROW


By: _____

16

By:_____
       Named   Plaintiff  and   Settlement   Class
Representative

DATED:                       ROBERT T. GIANI


By:_____
       Named   Plaintiff  and   Settlement   Class
Representative

DATED:                       GARY E. SOBEK


By:_____
       Named   Plaintiff  and   Settlement   Class
Representative

DATED:                       CHARLES ENGEL


By:_____
       Named   Plaintiff  and   Settlement   Class
Representative

DATED:                       CARMELA A. SYZMANSKI


By:_____
       Named   Plaintiff  and   Settlement   Class
Representative

DATED:                       WILLIAM R. SHANNON


By:_____
       Named   Plaintiff  and   Settlement   Class
Representative

DATED: *06-12-18*           BARRY DUBROW

By: *Barry Dubrow*

By:_____

Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          ROBERT T. GIANI


By:_____

Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          GARY E. SOBEK

By: _Gary E. Sobek_____

Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          CHARLES ENGEL


By:_____

Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          CARMELA A. SYZMANSKI


By:_____

Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          WILLIAM R. SHANNON


By:_____

Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          BARRY DUBROW


By:_____

16

By:_____
     Named     Plaintiff    and    Settlement    Class
Representative

DATED:                        ROBERT T. GIANI

6/19/18

By:  _Robert T. Giani_
     Named     Plaintiff    and    Settlement    Class
Representative

DATED:                        GARY E. SOBEK

By:_____
     Named     Plaintiff    and    Settlement    Class
Representative

DATED:                        CHARLES ENGEL

6/19/18

By:  _Charles Engel_
     Named     Plaintiff    and    Settlement    Class
Representative

DATED:                        CARMELA A. SYZMANSKI

6/19/18

By:  _Carmela A. Syzmanski_
     Named     Plaintiff    and    Settlement    Class
Representative

DATED:                        WILLIAM R. SHANNON

6/19/18

By:  _William R. Shannon_
     Named     Plaintiff    and    Settlement    Class
Representative

DATED:                        BARRY DUBROW

By:_____

16

Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          ALEXANDER CIOFFI

6/19/18                  By: _Alexander Cioffi_ (PB)
                             Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          LANA BONGIOVI

6/19/18                  By: _Lana Bongiovi_ (PB)
                             Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          JIMMY ADKINS

6/19/18                  By: _Jimmy Adkins_ (PB)
                             Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          MICHAEL BONETA

6/19/18                  By: _Michael Boneta_ (PB)
                             Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          DENNIS DELUCIE

6/19/18                  By: _Dennis DeLucie_ (PB)
                             Named    Plaintiff    and    Settlement    Class
Representative

DATED:                          ALBERT VELAZQUEZ

6/19/18                  By: _Albert Velazquez_ (PB)
                             Named    Plaintiff    and    Settlement    Class
Representative

45487032;1

DATED:                              JAMES R. HETTI

6/19/18                             By: _____
                                    Named    Plaintiff    and    Settlement    Class
                                    Representative

45487032;1

Exhibit A

| | Employee ID | Last Name |
|---|---|---|
| 1 | 168013 | ABOU SLAIBY |
| 2 | 801857 | ADAMO |
| 3 | 802318 | ADAMS |
| 4 | 158178 | ADKINS |
| 5 | 161573 | ADON |
| 6 | 801841 | ALLGAIER |
| 7 | 806069 | ALLGAIER |
| 8 | 806113 | ANTONIO |
| 9 | 159979 | BACON |
| 10 | 158186 | BAKKE |
| 11 | 158188 | BAY |
| 12 | 158497 | BLUMSTEIN |
| 13 | 158888 | BLUMSTEIN |
| 14 | 802489 | BONETA |
| 15 | 158507 | BONGIOVI |
| 16 | 158191 | BOZMAN |
| 17 | 158192 | BRAUNSKILL |
| 18 | 163464 | CAMPBELL |
| 19 | 158493 | CAMPBELL |
| 20 | 801450 | CAPOBIANCO |
| 21 | 158269 | CIOFFI |
| 22 | 158270 | CORCORAN |
| 23 | 159869 | CRAIN |
| 24 | 158272 | CRONK |
| 25 | 158274 | D'AGUINO |
| 26 | 158276 | DAPPIO |
| 27 | 160484 | DEBE |
| 28 | 160795 | DELUCIE |
| 29 | 158797 | DENIS |
| 30 | 158288 | DESANTIS |
| 31 | 158401 | DI PRIMA |
| 32 | 159978 | DILGER |
| 33 | 165886 | DONEGAN |
| 34 | 158290 | DUBROW |
| 35 | 158292 | ENGEL |
| 36 | 807835 | ENGEL |
| 37 | 165363 | ESPOSITO |
| 38 | 158293 | FAILLA |
| 39 | 807747 | FAILLA |
| 40 | 158295 | FARRELL |

| 41 | 159801 | FAVARA |
| 42 | 158296 | FLORISSANT |
| 43 | 158298 | GANDIOSI |
| 44 | 806058 | GANDIOSI |
| 45 | 807264 | GHEE |
| 46 | 165362 | GIANI |
| 47 | 804721 | GRIFFIN |
| 48 | 162558 | JEAN-PIERRE |
| 49 | 158321 | JOHNSON |
| 50 | 807390 | JOSEPH |
| 51 | 158326 | KELLY |
| 52 | 158335 | KERN |
| 53 | 159291 | KITT |
| 54 | 158338 | LACKENBAUER |
| 55 | 801452 | LEAN |
| 56 | 158360 | LETTIS |
| 57 | 158365 | LOUIS |
| 58 | 158342 | MAHER |
| 59 | 809190 | MANZOLILLO |
| 60 | 158387 | MARCHETTI |
| 61 | 158367 | MARMO |
| 62 | 158374 | MILES |
| 63 | 158372 | MOLINARI |
| 64 | 803078 | MOORE |
| 65 | 158376 | MORALES |
| 66 | 801206 | ORTIZ |
| 67 | 159125 | PALAZZOLA |
| 68 | 158380 | PATEL |
| 69 | 802316 | QURESHI |
| 70 | 160763 | RODRIGUEZ |
| 71 | 158384 | ROSSI |
| 72 | 160508 | SEPULVEDA |
| 73 | 158390 | SHANNON |
| 74 | 158418 | SMITH |
| 75 | 158391 | SOBEK |
| 76 | 160453 | SOBERS |
| 77 | 158424 | SZYMANSKI |
| 78 | 158394 | TANZA |
| 79 | 801203 | TESSONO |
| 80 | 801952 | THOMAS |
| 81 | 158395 | TORRES |

| 82 | 808985 | TORRES |
| 83 | 158409 | VARUGHESE |
| 84 | 158412 | VELAZQUEZ |
| 85 | 165499 | WILLIAMS |
| 86 | 164558 | YNOA |

# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,

Plaintiffs,

    -against-

Garda CL Atlantic, Inc.,

Defendant.

Case No.  15-cv-04394 (JMA) (AYS)

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,

Plaintiffs,

    -against-

GARDA CL ATLANTIC, Inc.,

Defendant.

Case No. 2:17-CV-03185 (JMA) (AYS)

---

45505898;1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will receive payment from the Settlement based on your *pro rata* share as set forth below and, if approved by the Court, an additional $1,000.00 service award.  By doing nothing and receiving payment under the Settlement, you agree to waive **all** claims that you may have relating to your employment with Garda. |
| **EXCLUDE YOURSELF** | To exclude yourself from the Settlement, you must mail the enclosed "Opt-Out Form" to the Settlement Administrator by _____.  If you choose to exclude yourself, you will preserve any claims that you may have relating to your employment with Garda, but you will not receive any payments from this Settlement. |
| **OBJECT** | You may object to the terms of the Settlement by filing a written letter with the Court and by mailing copies of the letter to Class Counsel and Defendant's counsel in the manner described herein.  Any objections to the Settlement must be sent by _____. In order to object you must remain part of the Settlement.  If you choose to exclude yourself, you do not have any right to object to the Settlement. |

### NOTICE OF CLASS ACTION SETTLEMENT TO NAMED PLAINTIFFS

This Notice of Class Action Settlement, Consent to Join, and Release Form (collectively, the "Notice Packet") is to inform you that this Court has preliminarily approved a class action settlement between the Named Plaintiffs on behalf of themselves and all others similarly situated who were employed by Garda CL Atlantic, Inc. at its Central Islip, NY branch as of January 23, 2015 (the "Settlement Class"), on the one hand, and Defendant Garda CL Atlantic, Inc. ("Garda"), on the other hand (collectively, the "Parties").

**THIS NOTICE IS TO INFORM YOU ABOUT:**

- **THE STATUS OF THE LEGAL DISPUTE INCLUDING A STATEMENT OF YOUR RIGHTS WITH RESPECT TO THE PRELIMINARILY APPROVED CLASS ACTION SETTLEMENT;**

- **YOUR ESTIMATED *PRO RATA* SHARE OF THE MONETARY SETTLEMENT AND THE PROCEDURE FOR CLAIMING THAT SHARE;**

- **YOUR OPTION TO EXCLUDE YOURSELF FROM THE SETTLEMENT BY "OPTING OUT"; AND**

- **YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT**.

**I.      DESCRIPTION OF THE ACTIONS**

On July 28, 2015, an action pursuant to the Worker Adjustment and Retraining Act ("WARN") was brought against Defendant Garda CL Atlantic, Inc. ("Garda") on behalf of the Named Plaintiffs and

all other similarly situated individuals who, as of January 23, 2015, worked at Garda's Central Islip, NY facility. Thereafter, on December 29, 2016, the Named Plaintiffs filed an identical action against Garda under the New York State Worker Adjustment and Retraining Notification Act ("NYS WARN"). These lawsuits are collectively referred to as the "Actions". The Actions allege that Garda did not comply with WARN and NYS WARN when it closed the Central Islip, NY facility.

Garda denies, and continues to deny, all of the allegations in the Named Plaintiffs' Complaints and contends that it complied with applicable federal and state laws at all times. Garda does not admit to any liability and this Notice does not imply that there has been or would be any finding of a violation of law or that recovery could be had in any amount if the Actions were not settled.

The Court has made no decision in the Actions about the merits of the Named Plaintiffs' claims or Garda's defenses. The Parties wish to settle to avoid further costly, disruptive, and time-consuming litigation. So, the Parties have reached a settlement of the claims, which is the result of good faith negotiations undertaken with the assistance of an independent mediator and which is contingent upon Court approval (the "Settlement"). On _____, the Court preliminarily approved the Settlement and the issuance of this Notice Packet to "all persons employed by Garda CL Atlantic, Inc. at its Central Islip, NY facility as of January 23, 2015" (the "Settlement Class").

## III.     SUMMARY TERMS OF THE SETTLEMENT

As of April 16, 2018, the Actions were preliminarily settled. The Settlement is intended to resolve and terminate litigation between the Parties.  The Settlement, if approved by the Court, will result in the release by the Settlement Class (except those who timely move to exclude themselves from the settlement) of all claims as more specifically provided in the Settlement Agreement. The Released Claims mean all claims, whether known or unknown, that the Settlement Class ever had in the past or now have against Garda and various related entities.  And, for those who consent to join this settlement and receive a *pro rata* settlement share, specifically include a waiver of wage and hour claims pursuant to the Fair Labor Standards Act.  Those with other pending claims against Garda are advised to consult with knowledgeable counsel, as a condition of participating in this settlement is a release and waiver of all claims, not just those asserted in the Actions.

In consideration of the entry of the Final Order and Judgment and the releases referenced above, Garda has agreed to the following settlement provisions and procedures:

Garda has agreed to pay a maximum settlement amount of $425,000 to resolve all claims in the Actions (the "Gross Settlement Fund"). Class Counsel will petition the Court for Service Awards for the Named Plaintiffs of $1,000 each for their work on behalf of the class, for an award of attorneys' fees and costs of thirty-three and one-third percent of the Gross Settlement Fund (agreed to be $141,666.00), and for payment of costs and expenses to the Settlement Claims Administrator, Arden Claims, estimated to be no more than $20,000. The Court has the final authority to decide the amount of attorneys' fees and costs, settlement administration expenses, and Service Awards, which will be paid by Garda from the Gross Settlement Fund. The attorneys' fees, costs, Service Awards, and settlement administration costs will be deducted from the Gross Settlement Amount prior to calculation of the settlement share for each Settlement Class Member. Garda will also pay the employer's share of payroll taxes on the wage portion of the settlement over and above the Maximum Settlement Amount.

The approximately $244,334.00 balance (the "Revised Gross Fund") that remains after these deductions are taken will be paid on a *pro rata* basis to each Settlement Class Member who does not opt-out or object to the Settlement based on the ratio of the total earnings each class member earned from January 1, 2014 through January 23, 2015 to the total earnings of all Class Members for that same period.

The amounts payable to the Qualified Claimants shall be allocated as wages, with appropriate deductions and withholdings made.

Garda's records show that within the Representative Earnings Period (January 1, 2014 through January 23, 2015) your total earnings were _____. Based on this information, your estimated share of the Settlement is $_____ plus an additional $1,000 Service Award, if approved by the Court. Your actual share may vary depending on the Court's approval process and payment will be administered only upon final approval of the Settlement by the Court and in accordance with the Settlement Agreement.

The summary of the proposed settlement agreement in this Notice Packet does not include all of the terms and conditions of the settlement. The only complete statement of the terms of the proposed settlement is in the actual Settlement Agreement that has been tentatively approved by the Court. Copies of the proposed Settlement Agreement may be obtained from Named Plaintiffs' Counsel, Frank & Associates, PC.

## IV.    OBTAINING PAYMENT UNDER THE SETTLEMENT

As a Named Plaintiff, you will be entitled to the *pro rata* share of the Revised Gross Fund so long as you do not timely opt-out and so long as the Settlement as submitted by the Parties receives final approval from the Court. If the Settlement receives final approval from the Court, settlement payments will be administered in accordance with the Settlement Agreement.

## IV.    BINDING EFFECT

In completing the settlement approval process, the Named Plaintiffs and Garda will petition the Court for a Final Order dismissing this Action as to the Class Members with prejudice, and any person in the Settlement Class who does not request exclusion from ("opt out of") the settlement will be bound by it.

## V.    EXCLUSION REQUESTS-"OPTING-OUT"

You have the right to request exclusion from ("opt-out of") the Settlement by advising the Settlement Claims Administrator in writing at the address given below. If you elect to opt-out, then you will not receive a payment or receive any other benefits of the settlement. If you elect to opt out, you must mail a request for exclusion on our before _____ ("Claim Bar Date"). Opt-out requests received after such date shall be of no force or effect.

## VII.    OBJECTIONS

If you do not request exclusion from the Settlement but believe that the proposed settlement is unfair or inadequate in any respect, you have the right to object in writing to any part of the proposed settlement. To object, you must both file with the Court and mail to Class Counsel and Garda's counsel, no later than _____, a written objection referring specifically to the Actions pending in the U.S. District Court for the Eastern District of New York that includes: (a) your full name and address sufficient to identify your membership in the Settlement Class; (b) specific grounds for the objection, as well as all documents or writings you desire the Court to consider. Except for good cause shown, an objector who has not timely filed and served written objections with the requisite information will not be allowed to be heard at the final hearing approving the settlement. Any person who fails to appear as ordered by the Court will be deemed to have waived his/her objection(s). To file the objection with the Court, you must mail or personally deliver the original of the written objection by the date specified in this Paragraph to:

45505898;1

You must also mail copies of your written objections by the same date specified in the paragraph above to these attorneys' offices:

Your Counsel
Patricia L. Boland, Esq.
Frank & Associates, P.C.
500 Bi-County Blvd, Suite 465
Farmingdale, NY 11735
Tel. 631-756-0400
Fax 631-756-0547
E-mail: pboland@laborlaws.com

Garda's Counsel
Jessica T. Travers, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
Tel. 904-598-8681
E-mail: jessica.travers@akerman.com

Any Named Plaintiff who does not object in the manner described above shall be deemed to have waived any objections and shall be foreclosed from objecting to the fairness or adequacy of the Settlement, the payment of attorneys' fees, the service awards to the Named Plaintiffs, and any and all other aspects of the Settlement.

Even if you file an objection, you remain part of the Settlement Class unless you request exclusion in accordance with Paragraph V above. Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all claims against Garda related to your employment with Garda unless you request exclusion from the Settlement in accordance with Paragraph V above.

Any questions regarding this settlement may be directed to your counsel at the address and telephone number listed above.

## VIII.   IF THE SETTLEMENT AGREEMENT IS NOT APPROVED

If the Settlement is not approved by the Court, or if any of its conditions are not satisfied, the conditional Settlement will be voided, no money will be paid, and the case will revert to litigation. However, if that happens, there is no assurance (a) that any decision at trial will be in favor of the Class Members; (b) that a favorable trial decision, if any, would be as favorable to the Class Members as this Settlement; and (c) that any favorable trial decision would be upheld if an appeal was filed.

## IX.   NO OPINION ON THE MERITS OF THE ACTIONS

On _____, the Court preliminarily approved the Settlement and found the Settlement is fair and reasonable. However, the Court has not entered any judgment resolving the merits of the Actions and the Court has not formed any opinions regarding the merits of the Actions.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

Dated: _____

FRANK & ASSOCIATES, P.C.                     AKERMAN LLP

By:     _/s/_____          By:         _/s/ Samantha Abeysekera_
        Patricia L. Boland, Esq.              Samantha Abeysekera
        500 Bi-County Blvd, Suite 465         Raymond J. Berti
        Farmingdale, NY 11735                 666 Fifth Avenue, 20th Floor
                                                 New York, New York 101

45505898;1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated, | Case No.  15-cv-04394 (JMA) (AYS) |
| Plaintiffs, | |
| -against- | |
| Garda CL Atlantic, Inc., | |
| Defendant. | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated, | Case No. 2:17-CV-03185 (JMA) (AYS) |
| Plaintiffs, | |
| -against- | |
| GARDA CL ATLANTIC, Inc., | |
| Defendant. | |

## **OPT-OUT FORM**

I, _____, am a Settlement Class Member and do hereby opt out of the Class Action Settlement in the above-referenced actions.  I understand that by opting out I will receive no benefits or compensation from the lawsuit.

Date:_____

Signature:_____

MUST BE RETURNED BY _____ to:

Arden Claims Service, LLC
PO Box 1015
Port Washington, New York 11050

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated, | Case No.  15-cv-04394 (JMA) (AYS) |

Plaintiffs,

      -against-

Garda CL Atlantic, Inc.,

Defendant.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated, | Case No. 2:17-CV-03185 (JMA) (AYS) |

Plaintiffs,

      -against-

GARDA CL ATLANTIC, Inc.,

Defendant.

1

45379989;2
45487100;1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM** | If you wish to receive payment from the Settlement, you must sign and mail the enclosed "Consent to Join and Release Form" to the Settlement Administrator by _____.  By mailing the "Consent to Join and Release Form" and receiving payment under the Settlement, you agree to waive all claims that you may have relating to your employment with Garda |
| **EXCLUDE YOURSELF** | To exclude yourself from the Settlement, you must mail the enclosed "Opt-Out Form" to the Settlement Administrator by _____.  If you choose to exclude yourself, you will preserve any claims that you may have relating to your employment with Garda, but you will not receive any payments from this Settlement. |
| **DO NOTHING** | If you do nothing, you will not receive any payment from the Settlement and, if the Court approves the Settlement, you will be barred from bringing any claims against Garda relating to your employment with Garda. |
| **OBJECT** | You may object to the terms of the Settlement by filing a written letter with the Court and by mailing copies of the letter to Class Counsel and Defendant's counsel in the manner described herein.  Any objections to the Settlement must be sent by _____.  In order to object you must remain part of the Settlement.  If you choose to exclude yourself, you do not have any right to object to the Settlement. |

**NOTICE OF CLASS ACTION SETTLEMENT, CONSENT TO JOIN,**
**AND RELEASE FORM**

This Notice of Class Action Settlement, Consent to Join, and Release Form (collectively, the "Notice Packet") is to inform you that this Court has preliminarily approved a class action settlement between the Named Plaintiffs on behalf of themselves and all others similarly situated who were employed by Garda CL Atlantic, Inc. at its Central Islip, NY branch as of January 23, 2015 (the "Settlement Class"), on the one hand, and Defendant Garda CL Atlantic, Inc. ("Garda"), on the other hand (collectively, the "Parties").

**THIS NOTICE IS TO INFORM YOU ABOUT:**

- **THE STATUS OF THE LEGAL DISPUTE INCLUDING A STATEMENT OF YOUR RIGHTS WITH RESPECT TO THE PRELIMINARILY APPROVED CLASS ACTION SETTLEMENT;**

- **YOUR ESTIMATED *PRO RATA* SHARE OF THE MONETARY SETTLEMENT AND THE PROCEDURE FOR CLAIMING THAT SHARE;**

- **YOUR OPTION TO EXCLUDE YOURSELF FROM THE SETTLEMENT BY "OPTING OUT"; AND**

- **YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT**.

45379989;2
45487100;1

I.       **DESCRIPTION OF THE ACTIONS**

On July 28, 2015, an action pursuant to the Worker Adjustment and Retraining Act ("WARN") was brought against Defendant Garda CL Atlantic, Inc. ("Garda") on behalf of the Named Plaintiffs and all other similarly situated individuals who, as of January 23, 2015, worked at Garda's Central Islip, NY facility. Thereafter, on December 29, 2016, the Named Plaintiffs filed an identical action against Garda under the New York State Worker Adjustment and Retraining Notification Act ("NYS WARN"). These lawsuits are collectively referred to as the "Actions". The Actions allege that Garda did not comply with WARN and NYS WARN when it closed the Central Islip, NY facility.

Garda denies, and continues to deny, all of the allegations in the Named Plaintiffs' Complaints and contends that it complied with applicable federal and state laws at all times. Garda does not admit to any liability and this Notice does not imply that there has been or would be any finding of a violation of law or that recovery could be had in any amount if the Actions were not settled.

The Court has made no decision in the Actions about the merits of the Named Plaintiffs' claims or Garda's defenses. The Parties wish to settle to avoid further costly, disruptive, and time-consuming litigation. So, the Parties have reached a settlement of the claims, which is the result of good faith negotiations undertaken with the assistance of an independent mediator and which is contingent upon Court approval (the "Settlement"). On _____, the Court preliminarily approved the Settlement and the issuance of this Notice Packet to "all persons employed by Garda CL Atlantic, Inc. at its Central Islip, NY facility as of January 23, 2015" (the "Settlement Class").

III.      **SUMMARY TERMS OF THE SETTLEMENT**

As of April 16, 2018, the Actions were preliminarily settled. The Settlement is intended to resolve and terminate litigation between the Parties.  The Settlement, if approved by the Court, will result in the release by the Settlement Class (except those who timely move to exclude themselves from the settlement) of all claims as more specifically provided in the Settlement Agreement. The Released Claims mean all claims, whether known or unknown, that the Settlement Class ever had in the past or now have against Garda and various related entities.  And, for those who consent to join this settlement and receive a *pro rata* settlement share, specifically include a waiver of wage and hour claims pursuant to the Fair Labor Standards Act.

In consideration of the entry of the Final Order and Judgment and the releases referenced above, Garda has agreed to the following settlement provisions and procedures:

Garda has agreed to pay a maximum settlement amount of $425,000 to resolve all claims in the Actions (the "Gross Settlement Fund"). Class Counsel will petition the Court for Service Awards for the Named Plaintiffs of $1,000 each for their work on behalf of the class, for an award of attorneys' fees and costs of thirty-three and one-third percent of the Gross Settlement Fund (agreed to be $141,666.00), and for payment of costs and expenses to the Settlement Claims Administrator, Arden Claims, estimated to be no more than $20,000. The Court has the final authority to decide the amount of attorneys' fees and costs, settlement administration expenses, and Service Awards, which will be paid by Garda from the Gross Settlement Fund. The attorneys' fees, costs, Service Awards, and settlement administration costs will be deducted from the Gross Settlement Amount prior to calculation of the settlement share for each Settlement Class Member. Garda will also pay the employer's share of payroll taxes on the wage portion of the settlement over and above the Maximum Settlement Amount.

The approximately $245,334.00 balance (the "Revised Gross Fund") that remains after these deductions are taken will be paid on a *pro rata* basis to each Settlement Class Member who does not opt-

out or object to the Settlement and who submits a timely Consent to Join and Release Form ("Qualified Claimant") based on the ratio of the total earnings each class member earned from January 1, 2014 through January 23, 2015 to the total earnings of all Class Members for that same period. The amounts payable to the Qualified Claimants shall be allocated as wages, with appropriate deductions and withholdings made.

Your estimated *pro rata* share of the Revised Gross Fund, along with the information used to calculate that share, is listed on the enclosed Consent to Join and Release Form. You must submit the Consent to Join and Release Form to the Settlement Claims Administrator enclosed with this Notice Packet by the Claim Bar Date to be considered a Qualified Claimant and be eligible to obtain the *pro rata* settlement share upon final Court approval.

The summary of the proposed settlement agreement in this Notice Packet does not include all of the terms and conditions of the settlement. The only complete statement of the terms of the proposed settlement is in the actual Settlement Agreement that has been tentatively approved by the Court. Copies of the proposed Settlement Agreement may be obtained from the Settlement Claims Administrator.

## IV.    OBTAINING PAYMENT UNDER THE SETTLEMENT

If you are a Class Member, you will be entitled to the *pro rata* share of the Revised Gross Fund *only* if you timely submit the enclosed Consent to Join and Release Form. Please read the Consent to Join and Release Form carefully as it impacts your legal rights and includes a release of all claims against Garda. If the Settlement receives final approval from the Court, settlement payments will be administered in accordance with the Settlement Agreement.

As explained in more detail below, you must sign and return the enclosed Consent to Join and the Release of Claims by [insert date 60 days from date of mailing] (the "Claim Bar Date") to the Settlement Claims Administrator to participate in the Settlement. If you do not fully complete, sign, and return these forms by the Claim Bar Date, you will not be able to participate in the Settlement reached in this case and will not receive any payment, but will still be subject to its binding effect.

## IV.    BINDING EFFECT

In completing the settlement approval process, the Named Plaintiffs and Garda will petition the Court for a Final Order dismissing this Action as to the Class Members with prejudice, and any person in the Settlement Class who does not request exclusion from ("opt out of") the settlement will be bound by it.

## V.    EXCLUSION REQUESTS-"OPTING-OUT"

You have the right to request exclusion from ("opt-out of") the Settlement by advising the Settlement Claims Administrator in writing at the address given on the within "Opt-Out Form". If you elect to opt-out, then you will not receive a payment or receive any other benefits of the settlement. If you elect to opt out, you must mail a request for exclusion on our before _____. Opt-out requests received after such date shall be of no force or effect.

## VII.    OBJECTIONS

If you do not request exclusion from the Settlement but believe that the proposed settlement is unfair or inadequate in any respect, you have the right to object in writing to any part of the proposed settlement. To object, you must both file with the Court and mail to Class Counsel and Garda's counsel,

45379989;2
45487100;1

no later than _____, a written objection referring specifically to the Actions pending in the U.S. District Court for the Eastern District of New York that includes: (a) your full name and address sufficient to identify your membership in the Settlement Class; (b) specific grounds for the objection, as well as all documents or writings you desire the Court to consider.  Except for good cause shown, an objector who has not timely filed and served written objections with the requisite information will not be allowed to be heard at the final hearing approving the settlement.  Any person who fails to appear as ordered by the Court will be deemed to have waived his/her objection(s).  To file the objection with the Court, you must mail or personally deliver the original of the written objection by the date specified in this Paragraph to:

You must also mail copies of your written objections by the same date specified in the paragraph above to these attorneys' offices:

Named Plaintiffs' Counsel
Patricia L. Boland, Esq.
Frank & Associates, P.C.
500 Bi-County Blvd, Suite 465
Farmingdale, NY 11735
Tel. 631-756-0400
Fax 631-756-0547
E-mail: pboland@laborlaws.com

Garda's Counsel
Jessica T. Travers, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
Tel. 904-598-8681
E-mail: jessica.travers@akerman.com

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections and shall be foreclosed from objecting to the fairness or adequacy of the Settlement, the payment of attorneys' fees, the service awards to the Named Plaintiffs, and any and all other aspects of the Settlement.

Regardless of whether you file an objection, in order to receive any payment from the Settlement, you must properly submit a timely Consent to Join and Release Form.  Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all claims against Garda related to your employment with Garda unless you request exclusion from the Settlement in accordance with Paragraph V above.

## VII.   YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to participate in these Actions by filing the attached Consent to Join and Release Form, your interests will be represented by the Named Plaintiffs' Counsel:

Patricia L. Boland, Esq.
Frank & Associates, P.C.
500 Bi-County Blvd, Suite 465
Farmingdale, NY 11735
Tel. 631-756-0400
Fax 631-756-0547

45379989;2
45487100;1

E-mail: pboland@laborlaws.com

As noted in Section III above, Plaintiffs' Counsel will seek to be awarded 33.3% of the Maximum Settlement Amount as reasonable compensation for their work in this matter and for their actual expenses and costs incurred in these matters.  You will not pay Class Counsel any amount in order to participate in this Settlement.

Any questions regarding this settlement, including this Notice and the Consent to Join and Release Form, may be directed to Plaintiffs' Counsel at the address and telephone number listed above.

## VIII.   IF THE SETTLEMENT AGREEMENT IS NOT APPROVED

If the Settlement is not approved by the Court, or if any of its conditions are not satisfied, the conditional Settlement will be voided, no money will be paid, and the case will revert to litigation. However, if that happens, there is no assurance (a) that any decision at trial will be in favor of the Class Members; (b) that a favorable trial decision, if any, would be as favorable to the Class Members as this Settlement; and (c) that any favorable trial decision would be upheld if an appeal was filed.

## IX.   NO OPINION ON THE MERITS OF THE ACTIONS

On ____, the Court preliminarily approved the Settlement and found the Settlement is fair and reasonable.  However, the Court has not entered any judgment resolving the merits of the Actions and the Court has not formed any opinions regarding the merits of the Actions.

### PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.

Dated: _____

FRANK & ASSOCIATES, P.C.                          AKERMAN LLP

By:      */s/*_____                 By:           */s/ Samantha Abeysekera*
         Patricia L. Boland, Esq.                      Samantha Abeysekera
         500 Bi-County Blvd, Suite 465                 Raymond J. Berti
         Farmingdale, NY 11735                         666 Fifth Avenue, 20th Floor
                                                              New York, New York 1010

6

45379989;2
45487100;1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ANTHONY TANZA, MICHAEL S. BOSMAN,
ROBERT T. GIANI, GARY E. SOBEK, CHARLES
ENGEL, FRED H. SMITH, CARMELA A.
SYZMANSKI, WILLIAM R. SHANNON, BARRY
DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI,
JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V.
ADON, MICHAEL BONETA, DIETER KERN,
DENNIS J. DELUCIE, ALBERT VELASQUEZ, and
JAMES R. HETTI, on behalf of themselves and all others
similarly situated,

       Plaintiffs,

       -against-

Garda CL Atlantic, Inc.,

       Defendant.

---

Case No.  15-cv-04394 (JMA) (AYS)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T.
GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H.
SMITH, CARMELA A. SYZMANSKI, WILLIAM R.
SHANNON, BARRY DUBROW, ALEXANDER CIOFFI,
LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN,
GLENNY V. ADON, MICHAEL BONETA, DIETER KERN,
DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES
R. HETTI, on behalf of themselves and all others similarly
situated,

       Plaintiffs,

       -against-

GARDA CL ATLANTIC, Inc.,

       Defendant.

---

Case No. 2:17-CV-03185 (JMA)
(AYS)

## CONSENT TO JOIN AND RELEASE FORM
### *All Claims Must Be Received No Later Than _____*

[INSERT NAME]
[INSERT ADDRESS]

1

45379989;2
45487100;1

I, _____, hereby declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that I am the Settlement Class Member listed in the address block above.  I hereby consent to join the Settlement and understand that, conditioned on the Court's final approval and entry of a Final Judgment and Order of Dismissal, I will receive the Settlement Share in exchange for the promises and obligations set forth in the Settlement Agreement and the Release below.

Calculation of Settlement Share

Garda's records show that within the Representative Earnings Period (January 1, 2014 through January 23, 2015) your total earnings were _____.  Based on this information, your estimated share of the Settlement is $_____.  Your actual share may vary depending on the Court's approval process and payment will administered only upon final approval of the Settlement by the Court and in accordance with the Settlement Agreement.

Release

Your signature below constitutes a full release and discharge of Garda CL Atlantic, Inc., its former subsidiaries, parents, general partners, limited partners, members, shareholders, affiliates, officers, directors, employees, agents, successors and assigns from any and all claims, debts. penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, costs, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the lawsuits entitled *Anthony Tanza, et al. v. Garda CL Atlantic, Inc.*, Case Nos. 15-cv-4394 and 17-cv-3185, or in any way relate to your employment with Garda, including but not limited to all claims for violation of the WARN Act, NYS WARN Act, and any wage and hour law, including the Fair Labor Standards Act, for wages, penalties, interest, damages, liquidated damages, attorneys' fees and costs, and injunctive and other equitable relief.

Dated: _____

_____
Signature

This Consent to Join and Release form must be received no later than _____ by the Settlement Claims Administrator at the following address:

Arden Claims Service, LLC
PO Box 1015
Port Washington, New York 11050

45379989;2
45487100;1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>     -against-<br><br>Garda CL Atlantic, Inc.,<br><br>Defendant. | Case No.  15-cv-04394 (JMA) (AYS) |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>     -against-<br><br>GARDA CL ATLANTIC, Inc.,<br><br>Defendant. | Case No. 2:17-CV-03185 (JMA) (AYS) |

## OPT-OUT FORM

I, _____, am a Settlement Class Member and do hereby opt out of the Class Action Settlement in the above-referenced actions.  I understand that by opting out I will receive no benefits or compensation from the lawsuit.

45379989;2
45487100;1

Date:_____

Signature:_____

MUST BE RETURNED BY _____ to:

Arden Claims Service, LLC
PO Box 1015
Port Washington, New York 11050

2

45379989;2
45487100;1