

# MOSER LAW FIRM, P.C.
## WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.  
smoser@moseremploymentlaw.com

3 SCHOOL STREET, SUITE 207B  
GLEN COVE, NEW YORK  11542

TEL (516) 671.1150  
FAX (516) 882-5420

February 28, 2019

**VIA ECF**

Hon. Joan M. Azrack, USDJ  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York  11722

    Re:    *D'Aguino v. Garda*, 16-cv-00641-JMA-AKT  
            *Tanza v. Garda*, 15-cv-04394-JMA-AYS

Dear Judge Azrack:

    I represent the Plaintiffs in the matter of *D'Aguino v. Garda*, 16-cv-00641 a case filed to recover, *inter alia,* unpaid overtime wages under the Fair Labor Standards Act.   I also have been retained by Paulette Dubrow, the widow of Barry Dubrow, to represent his estate.   Mr. Dubrow is a plaintiff in both the *D'Aguino* matter and the *Tanza* matters.

    Mr. Dubrow unexpectedly passed away in his sleep on November 8, 2018.   Mr. Dubrow, a retired New York City Police Officer who supplemented his retirement with income from his work as a driver for Garda, was a bear of a man with a warm personality and a keen sense of humor.   He would let you know someone was trustworthy with the words "He's a stand-up guy."

    On November 30, 2018 Littler Mendelson filed a suggestion of death for Mr. Dubrow in the *D'Aguino* matter (ECF No. 55).   On January 8, 2019, Frank & Boland, counsel for the Plaintiffs in the *Tanza* matter, filed a pre-motion letter requesting leave to substitute parties pursuant to Rule 25.  (ECF No. 83).   On January 9, 2019, Frank & Boland filed a motion with affidavits indicating that Mr. Dubrow died without a will.  (ECF No. 84-88).   However, there are three issues with this request:

1. First, assuming that there was no will, no document was submitted evidencing that Mrs. Paulette Dubrow has been appointed as the administratrix of her husband's estate.
2. Second, I can confirm that there is an original will in my possession.  I have been retained to probate said will.
3. Third, Mrs. Paulette Dubrow would like the Moser Law Firm, P.C. to represent her husband's estate in both the *Tanza* and the *D'Aguino* cases.

    As you know, the Defendants proposed an idea to the Court in the Summer of 2016 which at the time *appeared* reasonable -- limited discovery regarding the motor carrier exemption followed by an early motion for summary judgment.   Plaintiff's did not oppose said request, although we believed that we would prevail.   We are now almost three years hence.   Although some paper discovery has been

conducted, Depositions have not taken place.  The Defendants have not yet filed their motion for summary judgment, and the class certification and conditional certification procedures were put on hold pending the outcome of that motion.

A mediation with Martin Scheinman has been scheduled for April 3, 2019.  If the case is not resolved, Plaintiff requests the following:

1) That the *D'Aguino* matter be referred to Magistrate Judge Tomlinson for completion of discovery;

2) A pre-motion conference or, in the alternative, leave to file a motion to substitute Mrs. Dubrow for the deceased plaintiff Barry Dubrow in both the *D'Aguino* matter and the *Tanza* matter on or before April 15, 2019;

3) A pre-motion conference or, in the alternative, leave to file a motion for class certification of NYLL claims under FRCP 23 and conditional certification of FLSA claims in the *D'Aguino* matter.

4) If the Court grants leave to file either of the proposed motions, I request leave to file a joint proposed a briefing schedule.

Respectfully Submitted,

Steven John Moser