UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Garda CL Atlantic, Inc., Defendant. | Case No. 15-cv-04394 (JMA) (AYS)<br><br>Case No. 17-CV-03185 (JMA)(AYS) |

**PROPOSED ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Before the Court is the Named Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") and the pertinent materials filed with that motion. For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

1.   **Preliminary Certification of the Rule 23 Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Settlement Class, as defined in the Settlement Agreement and Addendum between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed Rule 23 Class:

> *All individuals who, as of January 23, 2015, were employed by Garda CL Atlantic, Inc. at its Central Islip, NY branch.*

Not later than ten (10) days after the date of this Order, Defendant will provide the Settlement

Administrator with a spreadsheet listing the names and last known addresses of the Settlement Class Members.

2. **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, or is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representatives.** The Court grants approval to the Named Plaintiffs Anthony Tanza, Michael S. Bosman, Robert T. Giani, Gary E. Sobek, Carmela Symanski, Lana Bongiovi, Jimmy Adkins, Michael Boneta, Dieter Kern, Dennis Delucie, Albert Velazquez, and James Hetti to serve as Class Representative with respect to the settlement.

4. **Class Counsel.** The Court appoints as Class Counsel for the Settlement Class Kyle Pulis of Scott Michael Mishkin, P.C.

5. **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Final Approval Hearing, as provided in Paragraph 7 below. It is found that the Notice of the proposed Settlement should be given as provided in the Parties' August 24, 2023, submission and set forth in Paragraph 8 below.

6. **Settlement Administrator.** Rust Consulting is approved as the Settlement Administrator of the settlement as set forth in the Agreement.

7. **Fairness Hearing**. Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on _____, 20___ at _____ to consider final approval of the Agreement.[1] The date and time of the Final Approval Hearing shall be set forth in the Notice,

---

[1] To ensure that the parties have time to comply with the notice provisions of the Class Action

2

but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court.

8. **Notice to the Class.** The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") submitted by the parties on August 23, 2023, is approved. The Court orders that the Settlement Administrator send the Notice as set forth in the Agreement to the members of the Class.

9. **Exclusion from the Settlement**. Any member of the Class who does not wish to participate in the settlement may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion must include the individual's name, address, telephone number, and last four digits of his/her social security number; must be signed by the Settlement Class Member; and must contain an unequivocal statement that the individual requests to be excluded from the class, and it must be postmarked by sixty (60) days following the date of the initial mailing of the Notice Packet.

10. **Objections.** Any Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be signed by the objector, sent to the Settlement Administrator via U.S. First Class Mail and be received by the Settlement Administrator by a date certain, to be specified on the Notice, which shall be for each Class Member sixty (60) days after the initial mailing of the Settlement Administrator of the Notice. The Settlement Administrator shall stamp the date received on the original and send copies of each objection to Defense Counsel and Class Counsel not later than three (3) business days after receipt thereof. Class Counsel shall file the date-stamped originals of

---

Fairness Act, the Fairness Hearing shall be scheduled no less than 100 days following the date of this Order.

any and all objections with the Court within three (3) business days after receipt from the Settlement Administrator. An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state their intention to do so at the time they submit their written objections. An objector may withdraw their objections at any time. No Class Member may appear at the Fairness Hearing unless they filed a timely objection that complies with the procedures provided herein. Any Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) days before the Fairness Hearing.

11. **Attorney's Fees, Costs, and Service Awards.** The Court shall establish a separate briefing schedule for motions for attorneys' fees and costs. No deadlines shall run under the Agreement until the issue of fees and costs are resolved by the Court. The Court approves Service Awards as set forth in the Agreements to Named Plaintiffs Anthony Tanza, Michael S. Bosman, Robert T. Giani, Gary E. Sobek, Carmela Symanski, Lana Bongiovi, Jimmy Adkins, Michael Boneta, Dieter Kern, Dennis Delucie, Albert Velazquez, James Hetti, Charles Engel, Alexander Cioffi, and Barry Dubrow (through his Estate). The Named Plaintiffs sustained the burden of delay arising from various circumstances since the original Settlement was made and the Court finds that special circumstances exist to warrant the service award of $1,000 contemplated by the Agreement.

12. **Effect of the Agreement.** All members of the Settlement Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Agreement.

13. **Voiding the Agreement.** Pursuant to the Agreement, if 10% or more of the members of the Rule 23 Class elect to be excluded, Defendant will have the right, in its sole discretion, to void this Agreement by filing with the Court a notice as set forth in the Agreement. If Defendant files a timely notice, then the Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

14. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

15. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement or as the Court otherwise determines are necessary, are stayed and suspended until further order of the Court.

16. **Use of Agreement and Ancillary Terms.** Neither the Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

Dated:_____, 20___    _____
   JOAN M. AZRACK
   UNITED STATES DISTRICT COURT JUDGE

4853-6169-9962.1 / 113649-1001