RAYMOND NARDO, Esq.
COUNSEL FOR
INTERESTED PARTY
129 Third Street
Mineola, NY 11501
(516)248-2121

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ANTHONY TANZA, *et. al.*, on behalf of themselves and all
others similarly situated,

                                        Plaintiffs,

        -against-                       15-CV-04394 (JMA)(AYS)
                                        17-CV-03185

GARDA CL Atlantic, Inc.

                                        Defendant.

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPROVAL OF COUNSEL FEES

---

Dated:  February 2, 2024

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ........................................................................................................................... 1

   I.   THE COURT SHOULD APPROVE THE REQUESTED FEES AND COSTS ................ 1

     A.  Legal Standard ........................................................................................................... 1

     B.  Current Class Counsel and Former Class Counsel Are Requesting a Reasonable
Percentage of the Fund. .................................................................................................. 2

        1.  Class Counsel Expended Extensive Time and Labor on Behalf of Plaintiffs and the
Class ............................................................................................................................... 2

        2.  This Litigation Was Complex ...................................................................................... 3

        3.  Class Counsel Took This Risky Case on a Contingency Basis. ................................... 3

        4.  Class Counsel Provided Excellent Representation ...................................................... 4

        5.  The Requested Fees Are Reasonable in Relation to the Settlement. ........................... 4

        6.  Public Policy Supports Approving the Requested Fees and Costs. ............................ 6

        7.  Class Counsel's Costs are Reasonable. ....................................................................... 8

     C.  The Lodestar Method Supports Approving the Requested Fees and Costs. .................... 8

        1.  Class Counsel's Hourly Rates Are Reasonable for this District. .............................. 10

        2.  Class Counsel's Requested Hours Are Reasonable ................................................... 12

CONCLUSION ...................................................................................................................... 13

CERTIFICATE OF SERVICE .............................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**

*Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974 (S.D.N.Y. Mar. 2, 2015)........................................................................................................................ 10

*Alleyne v. Time Moving & Storage Inc.,* 264 F.R.D. 41 (E.D.N.Y. 2010) ................................... 6

*Bailey v. Pataki*, No. 08-CV-8563 (JSR), 2016 WL 3545941 (S.D.N.Y. June 16, 2016)......... 10

*Barbour v. City of White Plains*, 788 F.Supp.2d 216 (S.D.N.Y. 2011)...................................... 10

*Barella v. Vill. of Freeport*, 16 F. Supp. 3d 144, 2014 WL 1672364 (E.D.N.Y. 2014) .............. 12

*Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) ................................ 11

*Diaz v. E. Locating Serv. Inc.*, 2010 WL 5507912 (S.D.N.Y. Nov. 29, 2010)............................. 6

*Febus v. Guardian First Funding Grp., LLC,* 870 F. Supp. 2d 337 (S.D.N.Y. 2012) ................. 5

*Flores v. Mamma Lombardi's of Holbrook, Inc.,* 104 F. Supp. 3d 290 (E.D.N.Y. 2015)........... 11

*Grant v. Martinez,* 973 F.2d 96 (2d Cir. 1992)............................................................................ 13

*Griffin v. Astro Moving & Storage Co. Inc.*, No. 11-CV-1844 (MKB), 2015 U.S. Dist. LEXIS 43326, 2015 WL 1476415 (E.D.N.Y. Mar. 31, 2015) ......................................................... 12

*Guippone v. BH S&B Holdings LLC*, 2016 WL 5811888 (S.D.N.Y. 2016)................................. 3

*Herman v. Davis Acoustical Corp.,* 196 F.3d 354 (2d Cir. 1999).................................................. 1

*In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164 (S.D.N.Y. 2000) ................. 3

*In re EVCI Career Colleges Holding Corp. Sec. Litig.,* No. 05 CIV 10240 CM, 2007 WL 2230177 (S.D.N.Y. July 27, 2007)........................................................................................ 8

*In re Generics Corp. of Am. Sec. Litig.,* No. 75 CIV. 6295, 1980 WL 1468 (S.D.N.Y. Dec. 4, 1980)....................................................................................................................................... 9

*In re Jamesway Corp.*, 242 B.R. 130 (S.D.N.Y. 1999)................................................................. 7

*In re Luciano v. Olsten Corp.,* 109 F.3d 111 (2d Cir. 1997)......................................................... 9

*In re Novartis Wage and Hour Litigation,* No. 06-md-1794, Final Order and Judgment if 10 (May 31, 2012) (ECF No. 214)............................................................................................... 5

*In re Penthouse Executive Club Comp. Litig.,* No. 10 CIV. 1145 KMW, 2014 WL 185628, (S.D.N.Y. Jan. 14, 2014)........................................................................................................ 6

*In re Veeco Instruments Inc. Sec. Litig.,* No. 05 MDL 01695CM, 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007)........................................................................................................................... 8

*Jean v. Auto & Tire Spot Corp.*, No. 09-CV-5394 (ARR) (RLM), 2013 U.S. Dist. LEXIS 74570, 2013 WL 2322834 (E.D.N.Y. May 28, 2013)........................................................... 12

*Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011) ......... 3

*Jones v. Diamond,* 636 F.2d 1364 (5th Cir. 1981)......................................................................... 4

*Kovach v. City Univ. of New York,* No. 13 CIV. 7198 LGS, 2015 WL 3540798 (S.D.N.Y. June 4, 2015)..................................................................................................................................... 10

*Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423 (2d Cir. 2007) ..................................... 6

*McDaniel v. County of* Schenectady, 95 F.3d 411 (2d Cir. 2010).................................................. 1

*Meredith Corp. v. SESAC, LLC,* No. 87 F.Supp.3d 650 (S.D.N.Y. 2015) ..................................... 3

*New York State Ass 'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983).... 13

*Paguay v. Cantini,* No. 11-cv-6266 (VEC), Order at  5 (ECF No.  129) (S.D.N.Y. Aug. 1,
     2014) ........................................................................................................................................ 10

*Polk v. New York State Dep't of Corr. Servs.,* 722 F.2d 23 (2d Cir. 1983).................................. 11

*Quaratino v. Tiffany & Co.,* 166 F.3d 422 (2d Cir. 1999)........................................................... 2

*Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 CV 3234 (LB), 2013 WL 5308277
     (E.D.N.Y. Sept. 19, 2013) ......................................................................................................... 5

*Reiter v. MTA New York City Transit Auth.,* 457 F.3d 224 (2d Cir. 2006)..................................... 9

*Rozell v. Ross-Holst,* 576 F. Supp. 2d 527 (S.D.N.Y. 2008) ..................................................... 10

*Sand v. Greenberg,* No. 08 CV 7840 PAC, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010)................. 7

*Sewell v. Bovis Lend Lease, Inc.,* No. 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556, 2012 WL
     1320124 (S.D.N.Y. 2012) ......................................................................................................... 11

*Spicer v. Pier Sixty LLC,* No. 08 CIV. 10240 PAE, 2012 WL 4364503 (S.D.N.Y. Sept. 14, 2012)
     .................................................................................................................................................... 5

*Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 CV 4216 RLE, 2014 WL
     3778173 (S.D.N.Y. July 31, 2014)............................................................................................. 5

*Telik, Inc. Sec. Litig. ,* 576 F. Supp. 2d 570 (S.D.N.Y. 2008) ..................................................... 9

*Tiro v. Pub. House Investments, LLC,* No. 11 CIV. 7679 CM, 2013 WL 4830949  (S.D.N.Y. Sept.
     10, 2013) .................................................................................................................................... 3

*Torres v. City of New York,* No. 07 Civ. 3473, 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008).... 9

*Torres v. Gristede 's Operating Corp.,* 519 F. Appx 1 (2d Cir. 2013) ......................................... 5

*Velez v. Novartis Pharm. Corp.,* No. 04 CIV 09194 CM, 2010 WL 4877852 (S.D.N.Y. Nov. 30,
     2010) .......................................................................................................................................... 9

*Wal- Mart Stores, Inc. v. Visa US.A., Inc.,* 396 F.3d 96 (2d Cir. 2005) .........................................1

## Rules

Fed. R. Civ. P. 23(h) .........................................................................................................................1

## Regulations

20 C.F.R. §639.1 ..............................................................................................................................7

# ARGUMENT

Former Class Counsel - Frank & Associates, P.C. ("Former Class Counsel"), and current Class Counsel, Scott Michael Miskin, P.C. ("Current Class Counsel" and/or "SMM PC") (collectively "Class Counsel")[1] - represented numerous Plaintiffs in a federal action which ultimately resulted in a classwide settlement. Current Class Counsel and Former Class Counsel request reasonable attorneys' fees pursuant to the parties' agreement and the Court's order (Dkt. # 71-2).

## I. THE COURT SHOULD APPROVE THE REQUESTED FEES AND COSTS

### A. Legal Standard

In a class action settlement, the Court, "may award reasonable attorney's fees and nontaxable costs . . . authorized by law." Fed. R. Civ. P. 23(h). What constitutes a reasonable fee is within the sound discretion of the Judge. *See Herman v. Davis Acoustical Corp.,* 196 F.3d 354, 356 (2d Cir. 1999). Where a common fund is created for the benefit of a class, courts employ either the percentage-of-fund method or the lodestar method in determining a reasonable fee. *See Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000). "The trend in this Circuit is toward the percentage method," as it directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *McDaniel v. County of* Schenectady, 95 F.3d 411, 417 (2d Cir. 2010) (*quoting Wal- Mart Stores, Inc. v. Visa US.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005). However, in cases brought under fee-shifting statutes such as WARN, the lodestar method also has advantages, as it may be necessary to incentivize qualified counsel to bring cases where the value of the case is disproportionate to

---

[1] Current Class Counsel (Scott Michael Mishkin, P.C.) and Former Class Counsel (Frank & Associates, P.C.) are referred herein collectively as "Class Counsel" for purposes of this motion only and with the understanding that Scott Michael Mishkin, P.C. has been designated as Class Counsel in this matter pursuant to the Court's Order granting Preliminary Approval, dated January 19, 2024.

the amount of work that was required to achieve the result. *See Quaratino v. Tiffany & Co.,* 166 F.3d 422, 426 (2d Cir. 1999) ("Congress enacted fee-shifting in small to attract effective legal representation"). The entire purpose behind fee shifting statutes is to ensure the availability of counsel for cases which, due to risk and/or their resource-intensive nature, would be otherwise undesirable using a traditional contingent-fee recovery.  In the present case, the Court has already approved an award of fees and costs in the amount of $141,666, and Class Counsel has already agreed to their respective shares.

     **B.**    **Current Class Counsel and Former Class Counsel Are Requesting a Reasonable Percentage of the Fund.**

The Second Circuit has set forth six factors to consider in determining the reasonableness of the fees requested in a common fund settlement: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger,* 209 F.3d at 50. Each of these factors supports the reasonableness of the requested, and agreed upon, fees and costs and the apportionment agreed to by counsel.

     **1.**    **Class Counsel Expended Extensive Time and Labor on Behalf of Plaintiffs and the Class**

Class Counsel have spent years litigating this case, and this factor fully supports their requested fees and costs.  In connection with this motion, Class Counsel have submitted, separately for each, detailed records accounting for time expended in this matter in tenths of an hour increments, and counsels' support for their hourly rates (Ex. 1 to Nardo Declaration (Neil Frank Contemporaneous Time Records; Ex. 2 SMM Contemporaneous Time Records). Class Counsel's resulting lodestar *exceeds* the amount of fees approved in the Agreement. Where Class Counsel's expenditure of time and resources approximates, or exceeds, the requested fee, as it

does here, this factor weighs in favor of approval. *See Goldberger,* 209 F.3d at 50 (noting that "the lodestar remains useful as a baseline even if the percentage method is eventually chosen"); *Tiro v. Pub. House Investments, LLC,* No. 11 CIV. 7679 CM, 2013 WL 4830949, at \*15 (S.D.N.Y. Sept. 10, 2013).

### 2.     This Litigation Was Complex

"Class actions have a well-deserved reputation as being most complex." *Meredith Corp. v. SESAC, LLC,* No. 87 F.Supp.3d 650, 669 (S.D.N.Y. 2015) (citation omitted).  "As courts recognize, most 'class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them.'"  *Guippone v. BH S&B Holdings LLC*, 2016 WL 5811888 (S.D.N.Y. 2016), *citing, Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at \*8 (S.D.N.Y. Sept. 16, 2011), *quoting, In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)).  The complexity of the factual and legal issues favor approval of the requested fees.

Litigating a WARN case for 87 employees over a period of nearly 10 years is a complicated undertaking.  It involved the application of the WARN act and various cases and regulations interpreting the WARN act, as well as the requirements of the unforeseeable business circumstances" and other exceptions and/or defenses that may apply.  Further litigation would have involved additional expenses, while this settlement makes monetary relief available to the Class. This factor weighs in favor of the requested fees and costs.

### 3.     Class Counsel Took This Risky Case on a Contingency Basis.

The risk of the litigation is "'perhaps the foremost factor' in establishing the proper fee." *Banyai v. Mazur,* No. 00 CIV. 9806 (SHS), 2008 WL 5110912, at \*4 (S.D.N.Y. Dec. 2, 2008). "A lawyer whose compensation is contingent on services can be expected to receive more

than he would receive if he were charging an hourly rate." *Id., citing, Jones v. Diamond,* 636 F.2d 1364, 1382 (5th Cir. 1981). Courts have noted that, "despite the most rigorous and competent of efforts, success is never guaranteed." *Detroit v. Grinnell Corp.,* 495 F.2d 448, 471 (2d Cir. 1974).

Plaintiffs prosecuted this case on a contingency fee basis. While this may not appear risky in hindsight, this risk was present from the outset, and persisted through the eve of settlement. There is always a risk that a Defendant may declare bankruptcy, shut down, or simply not pay a settlement. These risks were exacerbated during the Pandemic. In summary, at all phases of this litigation, there was a significant risk that there would be little or no recovery, and that Class Counsel would receive no compensation for out-of-pocket costs associated with a lengthy federal action. Therefore, this factor favors approval of the requested fees and costs.

### 4. Class Counsel Provided Excellent Representation.

As set forth in the Declaration of Raymond Nardo accompanying this petition, Class Counsel are accomplished Employment Lawyers (Nardo Declaration). Their combined skill, experience, and tenacity benefitted the Class immeasurably. Class Counsel achieved significant results, even while being opposed by skilled counsel from a large law firm, highly experienced in complex employment litigation. This factor supports the requested fees and costs.

### 5. The Requested Fees Are Reasonable in Relation to the Settlement.

Class Counsel's requested fees and costs are a reasonable percentage of the $425,000 settlement. The Settlement Agreement provides for a combined fee and expense amount of $141,666, which Class Counsel have agreed to split as follows:

- $ 107,666 to payable to "Raymond Nardo, P.C." on behalf of Neil Frank

- $  34,000 to "Scott Michael Mishkin, P.C."

4

Class Counsel's fee request is comfortably within the range that is typically approved in this Circuit. *See, Torres v. Gristede 's Operating Corp.,* 519 F. Appx 1, 5 (2d Cir. 2013) (finding that awarding 52.2% of $7.39 million total recovery would not constitute abuse of discretion); *SESAC,* 2015 WL 728026, at * 14 (noting "in numerous common fund cases, fees have been awarded that represent one- third of the settlement fund" and collecting cases); *Sukhnandan v. Royal Health Care of Long Island LLC,* No. 12 CV 4216 RLE, 2014 WL 3778173, at *9–16 (S.D.N.Y. July 31, 2014)(finding one-third of the common fund to be an appropriate fee); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012)("[A] fee that is one-third of the fund is typical" in FLSA cases); *Spicer v. Pier Sixty LLC,* No. 08 CIV. 10240 PAE, 2012 WL 4364503, at *4 (S.D.N.Y. Sept. 14, 2012) ("Class Counsel 's request for one-third of the settlement fund is also consistent with the trend in this Circuit."); *Johnson,* 2011 WL 4357376, at *19 (internal quotation omitted) ("A fee of 33% of the Settlement Fund is reasonable and consistent with the norms of class litigation in this circuit."); *In re Novartis Wage and Hour Litigation,* No. 06-md-1794, Final Order and Judgment if 10 (May 31, 2012) (ECF No. 214) (approving fee of 28% of $99,000,000 wage-and-hour common fund settlement).

 Class Counsel negotiated a settlement that is designed to maximize both individual recoveries and the likelihood of class member participation.  The settlement has numerous features designed to encourage participation, including an opt-in notice and the mailing of checks directly to the affected parties.  This is not a case where class members must complete an onerous

claim form to receive a very small check, or where Class Counsel is demanding an exorbitant fee that far outstrips the lodestar based on the size of the fund created.  Instead, the lodestar is more than the agreed-upon fee.

In examining the propriety of a requested fee in relation to the settlement, the Court should take into consideration the full value of the fund that is made available to the class, rather than the amount that is ultimately paid to the Class. *See Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423, 437 (2d Cir. 2007) ("The entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class. An allocation of fees by percentage should therefore be awarded on the basis of the total funds made available, whether claimed or not"). This is true, even where unclaimed funds revert to the defendant. *See Diaz v. E. Locating Serv. Inc.*, 2010 WL 5507912, at *8 (S.D.N.Y. Nov. 29, 2010) ("The Court is further satisfied that, although the percentage-of-recovery here is based on the entire settlement fund, including the amount that will revert to defendants, rather than on the portion of the fund equal to the claims actually made, the fee requested is nevertheless reasonable in light of the *Goldberger* factors"); *In re Penthouse Executive Club Comp. Litig.,* No. 10 CIV. 1145 KMW, 2014 WL 185628, at *11 (S.D.N.Y. Jan. 14, 2014) (taking into account full value of fund and citing *Diaz); Alleyne v. Time Moving & Storage Inc.,* 264 F.R.D. 41, 59 (E.D.N.Y. 2010)("[T]he value of legal service rendered in the creation of a settlement fund [is not] diminished by the failure of beneficiaries to cash in, regardless of what happens to the surplus").  Thus, the requested fee and cost award is reasonable.

### 6.   Public Policy Supports Approving the Requested Fees and Costs.

Public policy weighs in favor of approving the requested fee.  The WARN Act serves important remedial purposes.

> The Worker Adjustment and Retraining Notification Act (WARN or the Act) provides protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs. Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market.

20 C.F.R. §639.1.  These lofty goals can only be fulfilled if the lawyers who prosecute violations under these laws are adequately compensated. Otherwise, violations of the WARN would be illusory, to the detriment of the affected workers and society at large.  *See Sand v. Greenberg,* No. 08 CV 7840 PAC, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) ("[Fees] are not meant to compensate plaintiffs, but rather to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel");  *In re Jamesway Corp.*, 242 B.R. 130, 134 (S.D.N.Y. 1999)("the fee provision in such statutes is intended to encourage attorneys to accept cases").

Class Counsel devoted years to the litigation of this matter, along with significant financial resources. Class Counsel could have pursued other opportunities in the legal market. The requested fee, which is less than the lodestar, is necessary to incentivize qualified attorneys to assume the risks attendant in this kind of litigation. Where risk is involved, the lodestar alone is inadequate because it fails to account for the prospect of loss. There would be no reason for counsel to take cases on a contingent basis if, at the end of the day, counsel can only recover his hourly rate, and then, only on cases in which counsel prevail.  In such a system, hourly clients would always be preferable.  Thus, to appropriately incentivize qualified attorneys to take these kinds of cases on a contingent basis, the fees must properly reflect the risk undertaken.

**7.      Class Counsel's Costs are Reasonable.**

"It is well established that counsel who obtain a common settlement fund for a class are entitled to the reimbursement of expenses that they advance to a class." *SESAC,* 87 F.Supp.3d 650, at 671; *In re EVCI Career Colleges Holding Corp. Sec. Litig.,* No. 05 CIV 10240 CM, 2007 WL 2230177, at *18 (S.D.N.Y. July 27, 2007) ("Courts in the Second Circuit normally grant expense requests in common fund cases as a matter of course" (internal citation omitted)).  To date, Class Counsel has incurred more than $5,000 in out-of-pocket costs. These costs were all reasonably incurred to benefit the Class, and should be reimbursed to Class Counsel. *In re Veeco Instruments Inc. Sec. Litig.,* No. 05 MDL 01695CM, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (approving pre-trial expenses when case was settled on eve of trial).  Further, the settlement agreement does not differentiate between attorneys' fees and expenses, in recognition of the reality that both represent the outlay of resources by Class Counsel, and that both will be compensated from the common fund. Therefore, any analysis of fees and expenses must be undertaken holistically. Approving the requested fees and costs here will further the public policy and goals of the statutes, and ensure that capable attorneys are incentivized to spend significant time and effort and undertake considerable financial risk to enforce the remedial policies behind the wage and hour laws. Therefore, this factor weighs in favor of granting the requested fees and costs.

**C.      The Lodestar Method Supports Approving the Requested Fees and Costs.**

The requested fees and costs are also supported under the lodestar method. "The lodestar method multiplies the number of hours each attorney has expended by the hourly rate attorneys of similar skill charge in the area; then it applies to that figure a multiplier which factors in the litigation risks and other considerations." *Velez v. Novartis Pharm. Corp.,* No. 04 CIV 09194 CM,

2010 WL 4877852, at *20 (S.D.N.Y. Nov. 30, 2010); *see also Goldberger,* 209 F.3d at 47 (stating that under the lodestar method, "the district court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate" (internal quotations and citations omitted)).

When determining what constitutes a reasonable attorney's fee, "a court must, determine 'what a reasonable, paying client would be willing to pay' for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked.'" *Torres v. City of New York,* No. 07 Civ. 3473, 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493* F.3d 110, 112 (2d Cir. 2007)). "In determining the propriety of the hourly rates charged by plaintiffs' counsel in class actions, courts have continually held that the standard is the rate charged in the community where the services were performed for the type of service performed by counsel." *Telik, Inc. Sec. Litig. ,* 576 F. Supp. 2d 570, 589 (S.D.N.Y. 2008); *In re Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir. 1997) ("It is well-established that the 'prevailing community' the district court should consider to determine the 'lodestar' figure is 'the district in which the court sits'"). Current hourly rates, rather than historic hourly rates, are used in calculating the lodestar figure. *See Reiter v. MTA New York City Transit Auth.,* 457 F.3d 224, 232 (2d Cir. 2006) ("The rates used by the court should be current rather than historic hourly rates" (internal quotation omitted)); *In re Generics Corp. of Am. Sec. Litig.,* No. 75 CIV. 6295, 1980 WL 1468, at *2 (S.D.N.Y. Dec. 4, 1980) ("Although the hourly rates charged by these attorneys have increased since the outset of this litigation, the use of current rates is appropriate to compensate for the delay in receiving compensation, inflationary losses, and the loss of interest").

**1.      Class Counsel's Hourly Rates Are Reasonable for this District.**

Former Class Counsel's hourly rates, educational and professional qualifications, and years of experience are set forth herein.  Neil Frank graduated New York Law School and was admitted to the New York State Bar in 1963.  He practiced law for more than 50 years.  He has represented hundreds of employees in wage and hour litigation, resolving individual and class action cases, and recovered millions for his clients in unpaid minimum wages and overtime.  Neil Frank's hourly rate of $550 per hour is in line with rates that have been approved for other employment law class action litigators in New York. *See, e.g., Kovach v. City Univ. of New York,* No. 13 CIV. 7198 LGS, 2015 WL 3540798 (S.D.N.Y. June 4, 2015) (approving hourly rate of $700 for partner and $250 to $400 for associates); *Bailey v. Pataki*, No. 08-CV-8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (rates of $600 and $550 reasonable for lawyers with over a decade of experience); *Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974, at *3 (S.D.N.Y. Mar. 2, 2015) (rate of $650 reasonable for civil rights litigator in light of "skill and experience"); *Barbour v. City of White Plains*, 788 F.Supp.2d 216, 225 (S.D.N.Y. 2011) ($625 rate reasonable for civil rights lawyers in light of skill and experience), *aff'd,* 700 F.3d 631 (2d Cir. 2012) (per curiam). *Paguay v. Cantini,* No. 11-cv-6266 (VEC), Order at  5 (ECF No.  129) (S.D.N.Y. Aug. 1, 2014) (awarding rates of $525 per hour for partners and $365 for associates in FLSA and NYLL case); *Velez,* 2010 WL 4877852, at *22 (approving hourly rates of $750 for partners and $400 for associates); *Rozell v. Ross-Holst,* 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (approving fees of $600 for partners, $350 for senior associates, and $250 for junior associates).   Accordingly, Class Counsel's hourly rates are reasonable and should be used in calculating the lodestar.

SMM PC'S requested hourly rates are also reasonable based on Current Class Counsel's

educational and professional qualifications, and years of experience.  The reasonableness of the requested fee is further solidified by "[a]pplying the lodestar method as a cross check."  *See Fresno County Employees' Retirement Assoc.*, 925 F.3d at 72 ("district courts should use the lodestar as a baseline against which to cross-check a percentage fee"); *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 308 (E.D.N.Y. 2015) ("[E]ven where a court employs the percentage method, it must cross-check the percentage fee award against the lodestar to ensure reasonability."); *See Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556, 2012 WL 1320124, at \*13 (S.D.N.Y. 2012) ("[W]here the lodestar method is used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court.").

In order to calculate the lodestar check, Current Class Counsel multiplied the total amount of hours spent on the case by a reasonable hourly rate consistent with the rates awarded in this district in similar cases.  *See Wenping Wang v Masago Neo Asian Inc.*, 2016 US Dist LEXIS 132997, at \*9 (EDNY Sep. 26, 2016) ("The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984), and the relevant community is generally the "district in which the court sits,") *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).

As of the date of this filing, SMM PC has billed approximately 90.87 hours on this file, for a fee of approximately $43,163.25.[2]  This figure is based on an hourly rate of $475.00 per hour for all work performed by Current Class Counsel.  Understanding that the hourly rate billed will likely be reduced, the hourly rate requested by Current Class Counsel is approximately $374.16 per hour,

---

[2] SMM PC's contemporaneous billing records are attached hereto as Exhibit 2.

which is calculated by dividing the requested fee of $34,000.00 by the total amount of hours billed, that being 90.87.  Current Class Counsel, Kyle T. Pulis, Esq. and Scott Michael Mishkin, Esq., have over 14 years and 25 years of experience in Labor and Employment law, respectively.  Courts in this district have routinely approved rates greater than $374.16 per hour for attorneys with comparable levels of experience.  *See Griffin v. Astro Moving & Storage Co. Inc.*, No. 11-CV-1844 (MKB), 2015 U.S. Dist. LEXIS 43326, 2015 WL 1476415, at *8 (E.D.N.Y. Mar. 31, 2015) (reasonable hourly rates are $300 to $450 for partners, $200 to $325 for senior associates, and $100 to $200 for junior associates); *Jean v. Auto & Tire Spot Corp.*, No. 09-CV-5394 (ARR) (RLM), 2013 U.S. Dist. LEXIS 74570, 2013 WL 2322834, at *6 (E.D.N.Y. May 28, 2013) (rates for "attorneys handling FLSA cases . . . usually range from $300 to $400"); *Barella v. Vill. of Freeport*, 16 F. Supp. 3d 144, 2014 WL 1672364 at *50-51 (E.D.N.Y. 2014) ($400 for attorney with eleven years' experience); *Pall Corp. v 3M Purification Inc.*, 2012 US Dist LEXIS 76755, at *11 (EDNY June 1, 2012) ("Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300-$450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates.").

Accordingly, the requested fee of $34,000.00 is reasonable based upon a rate of $374.16 per hour for all hours of work performed by Current Class Counsel.  Furthermore, Current Class Counsel will continue to work on this matter and will likely spend an estimated 10+ additional hours finalizing this settlement, which are not accounted for in this motion, and which will further reduce the hourly rate requested by Current Class Counsel.

### 2.        Class Counsel's Requested Hours Are Reasonable

As for time, Class Counsel spent more than 500 combined hours litigating this case. When determining reasonable hours expended, "[t]he relevant issue . . . is not whether hindsight

vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992). Class Counsel have submitted contemporaneous timesheets which "specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass 'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). *(See* Ex. 1.)  The total amount of hours expended is reasonable and justified and no multiplier is necessary.  In sum, Class Counsels' requested fees and costs are reasonable and should be approved.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court approve $141,666 for Class Counsel's attorneys' fees and costs, as per the agreement between Class Counsel.  In light of the hard fought litigation and extraordinary outcome achieved as a result of the efforts of Class Counsel and Class Representatives, these requests are reasonable and should be approved in full.

Dated:   January 26, 2024
      Mineola, NY

RAYMOND NARDO, ESQ.

**RAYMOND NARDO, P.C.**
*Counsel for Interested Party*
129 Third Street
Mineola, NY 11501
(516)248-2121
raymondnardo@gmail.com

13

**CERTIFICATE OF SERVICE**

I certify that on January 26, 2024, I, Raymond Nardo served:

__ mailed, first class

__ return receipt requested

__ overnite mailed

__ faxed

__ personally served

<u>XX</u> by ECF

the enclosed:

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPROVAL OF COUNSEL FEES

to Counsel via ECF.

_____
Counsel for the Plaintiff