CLERK OF
EASTERN DI
LONG ISLAN
CENTRAL ISLIP

NIXIE    061   C0 1          0202/02/24
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

Glenny V. Adon
53 12th Avenue
West Babylon, NY 11704

RTS—
Does not reside at
address



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB - 5 2024 ★
LONG ISLAND OFFICE



US POSTAGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all Others similarly situated, | Case No. 15-cv-04394 (JMA) (AYS) Case No. 17-CV-03185 (JMA)(AYS) |
| Plaintiffs, | |
| -against- | |
| Garda CL Atlantic, Inc., | |
| Defendant. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Named Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") and the pertinent materials filed with that motion, including ECF Nos 71, 151, 159, 160. For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

1. **Preliminary Certification of the Rule 23 Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Settlement Class, as defined in the Settlement Agreement and Addendum between the Parties (the "Agreement"), ECF Nos. 71, 151, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed Rule 23 Class:

> *All individuals who, as of January 23, 2015, were employed by Garda CL Atlantic, Inc. at its Central Islip, NY branch.*

Not later than ten (10) days after the date of this Order, Defendant will provide the Settlement

Administrator with a spreadsheet listing the names and last known addresses of the Settlement Class Members.

2. **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, or is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representatives and the Other Named Plaintiffs.** The Court grants approval to the Named Plaintiffs Anthony Tanza, Michael S. Bosman, Gary E. Sobek, Carmela Symanski, Lana Bongiovi, Jimmy Adkins, Michael Boneta, Dennis Delucie, Albert Velazquez, and Willam Shannon to serve as Class Representative with respect to the settlement.

Named Plaintiffs Charles Engel and Alexander Cioffi have died. The claims of Engel and Cioffo are dismissed without prejudice to the rights of their living spouses to receive notice of the settlement, participate the same as any other class members, and to claim their respective settlements shares. Named Plaintiffs Fred Smith, Glenny Adon, and Justin Griffin are proceeding pro se and have been unresponsive to counsel's efforts to contact them. The claims of Smith, Adon, and Griffin are dismissed without prejudice to their right to receive notice of the settlement, participate the same as any other class members, and to claim their respective settlements. Named Plaintiffs Robert T. Giani, Dieter Kern, and James Hetti are also proceeding pro se. They shall be sent notice of the settlement, may participate the same as any other class members, and have the right to claim their respective settlements shares. Class Counsel shall promptly mail copies of this Order to all the pro se plaintiffs listed above at their last known addresses and shall file proof of service on ECF.

4. **Class Counsel.** The Court appoints as Class Counsel for the Settlement Class Kyle Pulis of Scott Michael Mishkin, P.C.

2

5. **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Final Approval Hearing, as provided in Paragraph 7 below. The attached Notice of the proposed Settlement, which has been revised by the Court, shall be given as set forth in Paragraph 8 below.

6. **Settlement Administrator.** Rust Consulting is approved as the Settlement Administrator of the settlement as set forth in the Agreement.

7. **Fairness Hearing.** Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing to consider final approval of the settlement, attorney's fees, and service awards will be held on <u>May 14, 2024 at 3:30 PM in Courtroom 920 of the Central Islip Courthouse, 100 Federal Plaza, Central Islip, New York, 11722</u>.[1] The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court. The parties shall file a motion for final approval no later than fourteen (14) before the Fairness Hearing.

8. **Notice to the Class.** The attached Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice"), which was originally submitted by the parties on August 24, 2023 and has been revised by the Court, is approved. The Court orders that the Settlement Administrator send the Notice as set forth in the Agreement to the members of the Class.

9. **Exclusion from the Settlement.** Any member of the Class who does not wish to participate in the settlement may request exclusion from the class by submitting a signed request

---

[1] To ensure that the parties have time to comply with the notice provisions of the Class Action Fairness Act, the Fairness Hearing shall be scheduled no less than 100 days following the date of this Order.

3

for exclusion to the Settlement Administrator. To be effective, such request for exclusion (whether submitted on the provided Opt-out Form or otherwise) must include the individual's name, address, and telephone number; must be signed by the Settlement Class Member; must contain an unequivocal statement that the individual requests to be excluded from the class; and it must be postmarked by sixty (60) days following the date of the initial mailing of the Notice Packet.

10. **Objections.** Any Class Members who wish to present objections to the proposed settlement, attorney's fees or service awards at the Fairness Hearing must do so first in writing. To be considered, such statements must be signed by the objector, include their address and telephone number, be sent to the Settlement Administrator via U.S. First Class Mail and be received by the Settlement Administrator by a date certain, to be specified on the Notice, which shall be for each Class Member sixty (60) days after the initial mailing of the Settlement Administrator of the Notice. The Settlement Administrator shall stamp the date received on the original and send copies of each objection to Defense Counsel and Class Counsel not later than three (3) business days after receipt thereof. Class Counsel shall file the date-stamped originals of any and all objections with the Court within three (3) business days after receipt from the Settlement Administrator. An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state their intention to do so at the time they submit their written objections. An objector may withdraw their objections at any time. No Class Member may appear at the Fairness Hearing unless they filed a timely objection that complies with the procedures provided herein. Any Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any

filed objections no later than fourteen (14) days before the Fairness Hearing.

11. **Attorney's Fees, Costs, and Service Awards.** Class Counsel and counsel for Frank and Associates shall file their motions for attorneys' fees and costs within fourteen (14) days of the Date of this Order. Any response papers shall be filed with twenty-one (21) days of the Date of this Order. No deadlines shall run under the Agreement until the issue of fees and costs are resolved by the Court. Under the Agreement, Named Plaintiffs Anthony Tanza, Michael S. Bosman, Robert T. Giani, Gary E. Sobek, Carmela Symanski, Lana Bongiovi, Jimmy Adkins, Michael Boneta, Dieter Kern, Dennis Delucie, Albert Velazquez, James Hetti, Charles Engel, Alexander Cioffi, Barry Dubrow (through his Estate), and William Shannon can seek service awards. These Named Plaintiffs assert that they sustained the burden of delay arising from various circumstances since the original Settlement was made and that special circumstances exist to warrant the service award of $1,000 contemplated by the Agreement. The Court preliminarily approves the requested service awards.

12. **Effect of the Agreement.** All members of the Settlement Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Agreement.

13. **Voiding the Agreement.** Pursuant to the Agreement, if 10% or more of the members of the Rule 23 Class elect to be excluded, Defendant will have the right, in its sole discretion, to void this Agreement by filing with the Court a notice as set forth in the Agreement. If Defendant files a timely notice, then the Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

14. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the

certification of any contested class or subclass in this action or any other action.

15. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement or as the Court otherwise determines are necessary, are stayed and suspended until further order of the Court.

16. **Use of Agreement and Ancillary Terms.** Neither the Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

Dated: January 19, 2024          /s/ (JMA)
                                 JOAN M. AZRACK
                                 UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Garda CL Atlantic, Inc.,<br><br>Defendant. | Case No. 15-cv-04394 (JMA) (AYS)<br>Case No. 2:17-CV-03185 (JMA)(AYS)<br><br><br>**Notice of Class Action Settlement** |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM** | If you wish to receive payment from this Settlement, you must sign and mail the enclosed "Consent to Join and Release Form" to the Settlement Administrator by_____. By mailing the "Consent to Join and Release Form" and receiving payment under the Settlement, you agree to waive all claims that you may have relating to your employment with Garda. |
| **EXCLUDE YOURSELF** | To exclude yourself from the Settlement, you must mail the enclosed "Opt-Out Form" to the Settlement Administrator by_____. If you choose to exclude yourself, you will preserve any claims that you may have relating to your employment with Garda, but you will not receive any payments from this Settlement. |
| **DO NOTHING** | If you do nothing, you will not receive any payment from the Settlement and, if the Court approves the Settlement, you will be barred from bringing any claims against Garda relating to your employment with Garda. |
| **OBJECT** | You may object to the terms of the Settlement by filing a written letter with the Court and by mailing copies of the letter to Class Counsel and Defendant's counsel in the manner described herein. Any objections to the Settlement must be sent by_____. In order to object you must remain part of the Settlement. If you choose to exclude yourself, you do not have any right to object to the Settlement. If the settlement is approved, you will still receive a payment and you will release your claims against Garda. |

1

## NOTICE OF CLASS ACTION SETTLEMENT, CONSENT TO JOIN, AND RELEASE FORM

This Notice of Class Action Settlement, Consent to Join, and Release Form (collectively, the "Notice Packet") is to inform you that this Court has preliminarily approved a class action settlement between the Named Plaintiffs on behalf of themselves and all others similarly situated who were employed by Garda CL Atlantic, Inc. at its Central Islip, NY branch as of January 23, 2015 (the "Settlement Class"), on the one hand, and Defendant Garda CL Atlantic, Inc. ("Garda"), on the other hand (collectively, the "Parties").

**THIS NOTICE IS TO INFORM YOU ABOUT:**

- **THE STATUS OF THE LEGAL DISPUTE INCLUDING A STATEMENT OF YOUR RIGHTS WITH RESPECT TO THE PRELIMINARILY APPROVED CLASS ACTION SETTLEMENT;**

- **YOUR ESTIMATED *PRO RATA* SHARE OF THE MONETARY SETTLEMENT AND THE PROCEDURE FOR CLAIMING THAT SHARE;**

- **YOUR OPTION TO EXCLUDE YOURSELF FROM THE SETTLEMENT BY "OPTING OUT"; AND**

- **YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT.**

### I.   DESCRIPTION OF THE ACTIONS

On July 28, 2015, an action pursuant to the Worker Adjustment and Retraining Act ("WARN") was brought against Defendant Garda CL Atlantic, Inc. ("Garda") on behalf of the Named Plaintiffs and all other similarly situated individuals who, as of January 23, 2015, worked at Garda's Central Islip, NY facility. Thereafter, on December 29, 2016, the Named Plaintiffs filed an identical action against Garda under the New York State Worker Adjustment and Retraining Notification Act ("NYS WARN"). These lawsuits are collectively referred to as the "Actions". The Actions allege that Garda did not comply with WARN and NYS WARN when it closed the Central Islip, NY facility. eligible for them, and how to get them. The Honorable Joan M. Azrack, a federal judge, is overseeing these cases.

Garda denies, and continues to deny, all of the allegations in the Named Plaintiffs' Complaints and contends that it complied with applicable federal and state laws at all times. Garda does not admit to any liability and this Notice does not imply that there has been or would be any finding of a violation of law or that recovery could be had in any amount if the Actions were not settled.

The Court has made no decision in the Actions about the merits of the Named Plaintiffs' claims or Garda's defenses. The Parties wish to settle to avoid further costly, disruptive, and time-consuming litigation. So, the Parties have reached a settlement of the claims, which is the result of good faith negotiations undertaken with the assistance of an independent mediator and which is contingent upon Court approval (the "Settlement"). On_____, the Court preliminarily approved the Settlement and the issuance of this Notice Packet to "all persons employed by Garda CL Atlantic, Inc. at its Central Islip, NY facility as of January 23, 2015" (the "Settlement Class").

## II. SUMMARY TERMS OF THE SETTLEMENT

As of April 16, 2018, the Actions were preliminarily settled. The Settlement is intended to resolve and terminate litigation between the Parties. The Settlement, if approved by the Court, will result in the release by the Settlement Class (except those who timely move to exclude themselves from the settlement) of all claims as more specifically provided in the Settlement Agreement. The Released Claims mean all claims, whether known or unknown, that the Settlement Class ever had in the past or now have against Garda and various related entities. And, for those who consent to join this settlement and receive a *pro rata* settlement share, specifically include a waiver of wage and hour claims pursuant to the Fair Labor Standards Act.

In consideration of the entry of the Final Order and Judgment and the releases referenced above, Garda has agreed to the following settlement provisions and procedures:

Garda has agreed to pay a maximum settlement amount of $425,000 to resolve all claims in the Actions (the "Gross Settlement Fund"). Class Counsel will petition the Court for Service Awards for certain Named Plaintiffs of $1,000 each for their work on behalf of the class, for an award of attorneys' fees and costs of thirty-three and one-third percent of the Gross Settlement Fund (up to a maximum of $141,666.00), and for payment of costs and expenses to the Settlement Claims Administrator, Rust Consulting, estimated to be no more than $10,000. The Court has the final authority to decide the amount of attorneys' fees and costs, including the amount that will be paid to former counsel for the Plaintiffs, Frank & Associates, P.C., settlement administration expenses, and Service Awards, which will be paid by Garda from the Gross Settlement Fund. The attorneys' fees, costs, Service Awards, and settlement administration costs will be deducted from the Gross Settlement Amount prior to calculation of the settlement share for each Settlement Class Member. Garda will also pay the employer's share of payroll taxes on the wage portion of the settlement over and above the Maximum Settlement Amount.

The approximately $259,334.00 balance (the "Revised Gross Fund") that remains after these deductions are taken will be paid on a *pro rata* basis to each Settlement Class Member who does not opt-out of the Settlement and who submits a timely Consent to Join and Release Form ("Qualified Claimant") based on the ratio of the total earnings each class member earned from January 1, 2014 through January 23, 2015 to the total earnings of all Class Members for that same period. The amounts payable to the Qualified Claimants shall be allocated as wages, with appropriate deductions and withholdings made.

Your estimated *pro rata* share of the Revised Gross Fund, along with the information used to calculate that share, is listed on the enclosed Consent to Join and Release Form. You must submit the Consent to Join and Release Form to the Settlement Claims Administrator enclosed with this Notice Packet by the Claim Bar Date to be considered a Qualified Claimant and be eligible to obtain the *pro rata* settlement share upon final Court approval.

The summary of the proposed settlement agreement in this Notice Packet does not include all of the terms and conditions of the settlement. The only complete statement of the terms of the proposed settlement is in the actual Settlement Agreement that has been tentatively approved by the Court. Copies of the proposed Settlement Agreement may be obtained from the Settlement Claims Administrator.

## III. OBTAINING PAYMENT UNDER THE SETTLEMENT

If you are a Class Member, you will be entitled to the *pro rata* share of the Revised Gross Fund *only* if you timely submit the enclosed Consent to Join and Release Form. Please read the Consent to Join and Release Form carefully as it impacts your legal rights and includes a release of all claims against Garda. If the Settlement receives final approval from the Court, settlement payments will be administered in accordance with the Settlement Agreement.

As explained in more detail below, you must sign and return the enclosed Consent to Join and the Release of Claims by [insert date 60 days from date of mailing] (the "Claim Bar Date") to the Settlement Claims Administrator to participate in the Settlement. If you do not fully complete, sign, and return these forms by the Claim Bar Date, you will not be able to participate in the Settlement reached in this case and will not receive any payment, but will still be subject to its binding effect.

## IV. **BINDING EFFECT**

In completing the settlement approval process, the Named Plaintiffs and Garda will petition the Court for a Final Order dismissing this Action as to the Class Members with prejudice, and any person in the Settlement Class who does not request exclusion from ("opt out of") the settlement will be bound by it If you do not opt out of the settlement, you will release all claims, whether known or unknown, that you ever had in the past or now have against Garda and various related entities.

## V. **EXCLUSION REQUESTS-"OPTING-OUT"**

You have the right to request exclusion from ("opt-out of") the Settlement by advising the Settlement Claims Administrator in writing at the address given on the within "Opt-Out Form". If you elect to opt-out, then you will not receive a payment or receive any other benefits of the settlement. You will also not be entitled to object to the Settlement. If you elect to opt out, you must mail a request for exclusion on our before [insert date 60 days from date of mailing]. Opt-out requests received after such date shall be of no force or effect.

## VI. **OBJECTIONS**

If you do not request exclusion from the Settlement but believe that the proposed settlement is unfair or inadequate in any respect, you have the right to object in writing to any part of the proposed settlement. To object, you must both file with the Court and mail to Class Counsel and Garda's counsel, no later than___, a written objection referring specifically to the Actions pending in the U.S. District Court for the Eastern District of New York that includes: (a) your full name and address sufficient to identify your membership in the Settlement Class; (b) specific grounds for the objection, as well as all documents or writings you desire the Court to consider. Even if you are represented by Counsel, your objection must be signed and notarized by you individually. Except for good cause shown, an objector who has not timely filed and served written objections with the requisite information will not be allowed to be heard at the final hearing approving the settlement. Any person who fails to appear as ordered by the Court will be deemed to have waived his/her objection(s). To file the objection with the Court, you must mail or personally deliver the original of the written objection by the date specified in this Paragraph to:

Rust Consulting
[insert address]

You must also mail copies of your written objections by the same date specified in the paragraph above to these attorneys' offices:

<u>Named Plaintiffs' Counsel</u>
Kyle T. Pulis, Esq.
Scott Michael Mishkin, P.C.
One Suffolk Square, Suite 240
Islandia, NY 11749
Tel: (631) 234-1154
Fax: (631) 234-5048
kpulismishkinpc@optonline.net

4

<u>Garda's Counsel</u>
Jessica T. Travers, Esq. Mendelson, P.C.
111 N. Orange Ave, Suite 1750
Orlando, FL 32081
jtravers@littler.com

      Any Class Member who does not object in the manner described above shall be deemed to have waived any objections and shall be foreclosed from objecting to the fairness or adequacy of the Settlement, the payment of attorneys' fees, the service awards to the Named Plaintiffs, and any and all other aspects of the Settlement.

      Regardless of whether you file an objection, in order to receive any payment from the Settlement, you must properly submit a timely Consent to Join and Release Form. Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all claims against Garda related to your employment with Garda unless you request exclusion from the Settlement in accordance with Paragraph V above.

## VII. <u>YOUR LEGAL REPRESENTATION IF YOU JOIN</u>

      If you choose to participate in these Actions by filing the attached Consent to Join and Release Form, your interests will be represented by the Named Plaintiffs' Counsel:

Kyle T. Pulis, Esq.
Scott Michael Mishkin, P.C.
One Suffolk Square, Suite 240
Islandia, NY 11749
Tel: (631) 234-1154
Fax: (631) 234-5048

      As noted in Section III above, Class Counsel will seek to be awarded 33.3% of the Maximum Settlement Amount as reasonable compensation for their work in this matter and for their actual expenses and costs incurred in these matters. The request for fees will also include a request for prior counsel, Frank & Associates, to recover its fees. You will not pay Class Counsel or prior counsel any amount in order to participate in this Settlement.

      Any questions regarding this settlement, including this Notice and the Consent to Join and Release Form, may be directed to Plaintiffs' Counsel at the address and telephone number listed above.

### VIII. FINAL FAIRNESS HEARING

A final fairness hearing will be held before Judge Azrack on May 14, 2024 at 3:30 PM in Courtroom 920 of the Central Islip Courthouse, 100 Federal Plaza, Central Islip, New York, 11722.

Judge Azrack will hold this hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you wish to appear at this hearing to state an objection, you must first submit a written objection per the procedures set forth above and must state in your objection that intend to speak at the fairness hearing.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also consider the Named Plaintiff's requests for Service Awards and the requests of Class Counsel and Frank & Associates, P.C. for attorney's fees. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take. The date and time of the Fairness Hearing may be changed by the Court. If you wish to be informed of any such changes, you can contact Class Counsel.

### IX. IF THE SETTLEMENT AGREEMENT IS NOT APPROVED

If the Settlement is not approved by the Court, or if any of its conditions are not satisfied, the conditional Settlement will be voided, no money will be paid, and the case will revert to litigation. However, if that happens, there is no assurance (a) that any decision at trial will be in favor of the Class Members; (b) that a favorable trial decision, if any, would be as favorable to the Class Members as this Settlement; and (c) that any favorable trial decision would be upheld if an appeal was filed.

### X. NO OPINION ON THE MERITS OF THE ACTIONS

On_, the Court preliminarily approved the Settlement and found the Settlement is fair and reasonable. However, the Court has not entered any judgment resolving the merits of the Actions and the Court has not formed any opinions regarding the merits of the Actions.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

Dated: _____

| SCOTT MICHAEL MISHKIN, P.C. | LITTLER MENDELSON, P.C. |
|---|---|
| By:  /s/_____<br>Kyle T. Pulis, Esq.<br>One Suffolks Square<br>Islandia, NY 11749 | By:<br>Jessica T. Travers, Esq.<br>111 N. Orange Ave, Suite 1750<br>Orlando, FL 32801 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  -against-<br><br>Garda CL Atlantic, Inc.,<br><br>  Defendant. | Case No. 15-cv-04394 (JMA) (AYS)<br>Case No. 2:17-CV-03185 (JMA)(AYS) |

**CONSENT TO JOIN AND RELEASE FORM**
*All Claims Must Be Received No Later Than _____*

[INSERT NAME]
[INSERT ADDRESS]

  I, _____, hereby declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that I am the Settlement Class Member or, if the Settlement Class Member is deceased the personal representative appointed by the Settlement Class Member's Estate or the surviving spouse, listed in the address block above. I hereby consent to join the Settlement and understand that, conditioned on the Court's final approval and entry of a Final Judgment and Order of Dismissal, I will receive the Settlement Share in exchange for the promises and obligations set forth in the Settlement Agreement and the Release below.

Calculation of Settlement Share

  Garda's records show that within the Representative Earnings Period (January 1, 2014 through January 23, 2015) your total earnings were_____. Based on this information, your estimated share of the Settlement is $_____. Your actual share may vary depending on the Court's approval process and payment will administered only upon final approval of the Settlement by the Court and in accordance with the Settlement Agreement.

Release

  Your signature below constitutes a full release and discharge by you, your heirs, successors, and

7

assigns, of Garda CL Atlantic, Inc., its current or former subsidiaries, parents, general partners, limited partners, members, shareholders, affiliates, officers, directors, employees, agents, successors and assigns from any and all claims, debts. penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, costs, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the lawsuits entitled *Anthony Tanza, et al. v. Garda CL Atlantic, Inc.*, Case Nos. 15-cv-4394 and 17-cv-3185, or in any way relate to your employment with Garda, including but not limited to all claims for violation of the WARN Act, NYS WARN Act, and any wage and hour law, including the Fair Labor Standards Act, for wages, penalties, interest, damages, liquidated damages, attorneys' fees and costs, and injunctive and other equitable relief.

Dated: _____

_____
Signature

_____
Address

Telephone Number
_____

This Consent to Join and Release form must be received no later than_____by the Settlement Claims Administrator at the following address:

Rust Consulting
[insert address]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>Garda CL Atlantic, Inc.,<br><br>      Defendant. | Case No. 15-cv-04394 (JMA) (AYS)<br>Case No. 2:17-CV-03185 (JMA)(AYS) |

**OPT-OUT FORM**

I,_____, am a Settlement Class Member and do hereby opt out of the Class Action Settlement in the above-referenced actions. I understand that by opting out I will receive no benefits or compensation from the lawsuit and that I cannot assert objections to the Settlement.

Date:_____

Signature:_____

Address: _____

_____

Telephone Number: _____

MUST BE RETURNED BY_____to:

Rust Consulting
[insert address]
4885-8194-3162.1 / 113649-1001

9