UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES INGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, and, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> GARDA CL ATLANTIC, INC., <br><br> Defendant. | Case No. 15-CV-04394 (JMA)(AYS) <br><br> Case No. 17-CV-03185 (JMA)(AYS) |

**DECLARATION OF JESSICA TRAVERS IN SUPPORT OF DEFENDANT'S
RESPONSE TO PLAINTIFFS' MOTION FOR COUNSEL FEES**

I, Jessica Travers, declare under penalties of perjury pursuant to 28 U.S.C. §1746 as follows:

1. I am counsel for Defendant in the above action. The purpose of this Declaration is to identify the exhibits Annexed hereto.

2. Attached as **Exhibit 1** is a copy of the Supreme Court of the State of New York Appellate Division: Second Judicial Department's Opinion and Order *In the Matter of Neil M. Frank*, Case No. 2018-06419.

3. Attached as **Exhibit 2** is a copy of the New York State Bar Association's Committee on Professional Ethics Opinion #609, dated May 10, 1990.

Dated this 9th day of February, 2024.

_____
Jessica T. Travers, Esq.

4878-9153-7060.1 / 113649-1001

# EXHIBIT 1

4878-9153-7060.1 / 113649-1001

Case 2:15-cv-04394-JMA-AYS   Document 167   Filed 02/09/24   Page 4 of 10 PageID #: 762

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D60486
G/htr

____AD3d____

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.

---

2018-06419

OPINION & ORDER

In the Matter of Neil M. Frank, an attorney and counselor-at-law, respondent.

(Attorney Registration No. 1049741)

---

APPLICATION pursuant to 22 NYCRR 1240.10 by Neil M. Frank, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 16, 1963, to resign as an attorney and counselor-at-law.

Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for Grievance Committee for the Tenth Judicial District.

Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.

PER CURIAM. The respondent, Neil M. Frank, has submitted an affidavit sworn to on May 20, 2019, in support of his application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 1240.10).

The respondent acknowledges in his affidavit that he is the subject of an investigation conducted by the Grievance Committee for the Tenth Judicial District into allegations of professional misconduct, which include the following: engaging in conduct involving misrepresentation; engaging in conduct that is prejudicial to the administration of justice; failing to preserve funds entrusted to him as a fiduciary; issuing checks payable to "cash" against his IOLA account; and

August 21, 2019

Page 1.

MATTER OF FRANK, NEIL M.

commingling client funds with his own funds. He attests that he cannot successfully defend against the allegations based upon the facts and circumstances of his above described professional misconduct.

The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.

The respondent acknowledges that funds were not preserved as set forth in charges five and nine of a petition dated May 23, 2018. However, clients Alex and Jerzon Pineda were made whole prior to the charges rendered against him. Moreover, he tendered a check in the amount of $985.71 to the Lawyers' Fund for Client Protection in connection with client Eugene Barma.

The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.

In addition, the respondent acknowledges and agrees that, pending the issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.

The respondent acknowledges that in the event that this Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).

The Grievance Committee recommends that the respondent's application to resign be granted, and confirms that restitution was made.

Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

August 21, 2019                                                                                                         Page 2.

MATTER OF FRANK, NEIL M.

SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

ORDERED that the application of the respondent, Neil M. Frank, to resign as an attorney and counselor-at-law is granted; and it is further,

ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Neil M. Frank, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

ORDERED that the respondent, Neil M. Frank, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Neil M. Frank, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

ORDERED that if the respondent, Neil M. Frank, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).

ENTER:

Aprilanne Agostino
Clerk of the Court

August 21, 2019

Page 3.

MATTER OF FRANK, NEIL M.

# EXHIBIT 2

*NEW YORK STATE BAR ASSOCIATION*
*Committee on Professional Ethics*

Opinion #609 - 5/10/90 (31-89)

Topic: Referral fees; disbarred lawyer; ad hoc partnership

Digest: Lawyer may accept referral fee that complies with DR 2-107(A) Lawyer may pay a disbarred former associate a share, determined on the basis of quantum meruit, of legal fees accrued to the point of disbarment

Code: DR2-107(A), 3-101(A) 3-102(A), 7-102(A)(8)

QUESTION

(1) May a lawyer receive a referral fee from a case referred to special trial counsel?

(2) May the lawyer transmit half of any such referral fee to another lawyer formerly associated with him or her in an ad hoc partnership, where the second lawyer has been disbarred?

OPINON

Two lawyers were associated in an ad hoc partnership on particular matters. One such matter was a products liability personal injury case that was referred to special trial counsel. Seven years later, the lawyer's ad hoc partner was disbarred. The following year, the products liability suit was settled.

Ad Hoc Partnership

Whether lawyers who work on the same matters are "partners" for purposes of the Code is in large part a question of law beyond the jurisdiction of this Committee. Lawyers without formal partnership arrangements have been held to the same ethical standards as partners. See e. g., NY. State 437 (1976) and 65(a)(1969)(application of Canon 9 to lawyers sharing office space). We believe that the Comment to Model Rule 1.10 correctly summarizes the general principle under the Code (although we note that the Model Rules have not been adopted in New York),

Whether two or more lawyers constitute a firm ...can depend on the specific facts. For example, two practitioners who share office space and occasionally consult or assist each other ordinarily would not be regarded as constituting a firm. However, if they present themselves to the public in a way suggesting that they are a firm or conduct themselves as a firm, they should be regarded as a firm for purposes of the Rules. The terms of any formal agreement between associated lawyers are relevant in determining whether they are a firm, as is the fact that they have mutual access to confidential information concerning the clients they serve.

Indeed, two lawyers might be considered a firm for purposes of the confidentiality provisions without being partners for purposes of avoiding the application of the fee-splitting prohibitions of DR 2-107(A). Since the question of what constitutes a firm or partnership is so fact-intensive, we do not answer it here.

If the associated lawyers did not constitute a partnership, then the provisions of DR 2-107(A), as discussed below, would apply to any division of fees between them. If, however, the lawyers did form a valid partnership, then their division of fees would be a matter of contract between them, except to the extent modified by the rules, discussed below, on sharing fees with a disbarred lawyer.

Referral Fees

The subject of referral fees is governed by DR 2-107(A) of the Code. That rule permits a division of

fees only where (1) the client consents to employment of another lawyer after full disclosure that a division of fees will be made, (2) the division is in proportion to the services performed and responsibility assumed by each, and (3) the total fee is reasonable.

The information that must be provided to the client in connection with obtaining his or her consent is not extensive,

A client is simply to be made aware that another attorney is jointly or independently representing his or her interests at no additional expense to her (sic) therefore. Any further elaboration or specificity regarding the exact arrangement between the collaborating attorneys is not ethically mandated by (DR 2-107(A)).

Garterv. Katz, Shandell, Katz & Erasmous, 12 Misc. 2d 1009,465 N.Y.S. 2d 991,997(1983)

The division of fees is more complicated. The mere forwarding of a client to another lawyer is not a proper basis for fee splitting. N Y City 80-27 (1980), NY City 81-65 (1981), ABA Inf. 1392 (1977), ABA Inf. 1239 (1972), ABA Formal 204 (1940), N.Y State 414 (1975) The division of fees must be in proportion to the work performed and the responsibility assumed by each attorney. Although it is not unethical for the lawyers to agree in advance on a proposed fee split, at the conclusion of the matter the proportions must be adjusted if it develops that the services actually performed and responsibility assumed by the forwarding attorney and the forwardee are grossly disproportionate to the division of fees agreed upon at the outset. N.Y. State 414, supra. But see Garter, supra, at 997 (collaborating attorneys are entitled to share the fee equally if the referring attorney does "some" work which contributed toward the earning of the fee); Sterling v. Miller, 2 A. D. 2d 900, 157 N YS 2d 145, aff'd, 3 NY 2d 778, 164 N YS 2d 32, 143 N. E. 2d 789 (agreement to split fees was enforceable despite claim that forwarding attorney contributed negligibly toward the earning of the fee, since there was no claim that he ever refused to contribute more substantially).

Whether the total fees in any matter are reasonable is a question of fact upon which this Committee cannot opine.

If the elements of DR 2-107(A) are not met, the firm doing the legal work may not ethically pay, and the referring firm may not ethically receive, a referral fee. Several courts have denied or reduced fee awards to lawyers who participated in unethical or illegal fee splitting arrangements. See, e. g., In re Futuronics Corp., 655 F. 2d 463 (2d Cir. 1981)(fee-splitting agreement in violation of Bankruptcy Rule 219); Lewis v. Teleprompter Corp., 88 F.R.D. 11 (S.D N Y 1980). But see, NY. State 535 (1981); Foote v. Shapiro, 6 Pa. D & C. 3d 574 (1978)(upholding fee splitting contract, on grounds one party may not assert illegality or unethically in order to avoid an agreement willingly entered, although payment may subject the parties to discipline). This Committee's opinion (N Y State 535) suggests the matter be referred to an appropriate bar association panel; we believe the appropriate panel in this case would be the court in which the matter was pending, if it is a New York Court, or, if the personal injury matter was tried outside New York, the New York Supreme Court under the court rules discussed below.

The remainder of this opinion assumes that the referral fee arrangement in this case was proper.

Sharing Fees with Disbarred Lawyer

The jurisdiction of this Committee is limited to matters of professional ethics. We note, however, that there are both court rules and judicial decisions relevant to the issue of fee sharing with a disbarred lawyer. See, e.g. ,22 NYCRR §603.13(b)(First Dep't), 22 NYCRR §691.10(b)(Second Dep't), 22 NYCRR §806.9(b)(Third Dep't), 22 NYCRR §1022. 26(c). For example, the rule in the Second Department is as follows:

A disbarred, suspended or resigned attorney may not share in any fee for legal services performed by another attorney during the period of his removal from the bar. A disbarred, suspended or resigned attorney may be compensated on a quantum meruit basis for legal services rendered and disbursements incurred by him prior to the effective date of the disbarment or suspension order or of his resignation. The amount and manner of payment of such compensation and recoverable disbursements shall be fixed by the court on the application of either the disbarred, suspended or resigned attorney or the new attorney, on notice to the other as well as on notice to the client. Such applications shall be made at special term in the court wherein the action is pending or at special term in the Supreme Court in the county wherein the moving attorney maintains his office if an action has not been commenced.

If a proposed payment would violate a law or court rule, then it would be unethical DR 7-102(A)(8).

As a matter of ethics, as long as the disbarment was unrelated to the matter in which the fees were earned, an attorney may properly share in fees for work performed or responsibility assumed until the time of disbarment, but not for services performed or responsibility assumed after the time of disbarment. DR 3-101(A). See NY City 82-45 (1982), ABA Inf. 628 (1962), NY City 538 (1940). Cf, NY State 334 (1974) DR 3-102(A) prohibits a lawyer from sharing a legal fee with a non-lawyer. From the time a lawyer is disbarred, he or she becomes a non-lawyer.

Similarly, in accordance with the applicable court rules, a disbarred lawyer may be compensated to the point of disbarment on the basis of quantum meruit. In re Estate Ginnings, 96 Misc. 2d 824, 410 NYS 2d 16 (NY Sur Ct. 1978) (quoting court rule), Gavin v. Mahone, 55 A. D. 2d 704 (3d Dep't 1976)(mem.)(absent agreement as to amount and manner of compensation, suspended attorney may be compensated on a quantum meruit basis for legal services rendered and disbursements incurred prior to the effective date of suspension), Tiringer v. Grafenecker, 38 Misc. 2d 29 (Sup. Ct. App. Term, 2d Dep't 1962)(per curiam) (disbarred attorney entitled to lien for reasonable value of services rendered prior to disbarment absent showing that disbarment was for conduct in connection with case in question.

The amount of such compensation is to be fixed by the court, which must decide what proportion of the contingency fee was earned prior to the disbarment of the lawyer.

CONCLUSION

For the reasons set forth above, a lawyer may accept a referral fee that complies with DR 2-107(A). In addition, a lawyer may pay a disbarred former associate a share, determined by the appropriate court on the basis of quantum meruit, of legal fees accrued to the point of disbarment.