# RAYMOND NARDO, P.C.

ATTORNEY AT LAW

129 THIRD STREET, MINEOLA, NY 11501

Phone: (516)248-2121 | Fax: (516)742-7675 | Email Raymondnardo@gmail.com

March 7, 2024

BY ECF

Hon. Joan M. Azrack
United States District Judge
United States District Court
100 Federal Plaza
Central Islip, NY 11772

      Re:    Tanza v. Garda Security
                15-CV-04394(JMA)(AYS)/ 17-CV-03185 (JMA)(AYS)

Honorable Judge Azrack:

I represent Frank & Associates P.C., an interested party in the above matter. This is in reply to a "Notice" filed by Defendants on February 9, 2024, concerning the agreed-upon split in counsel fees between Class Counsel (Scott Michael Mishkin, P.C.) and Former Class Counsel (Neil Frank & Associates).

The Settlement Agreement provides, *inter alia,* that, "[p]ayment of such attorneys' fees, expenses, and costs to Named Plaintiffs' Counsel and Former Plaintiffs' Counsel Frank and Associates, P.C. shall be made in accordance with this Agreement and the Court's Order on the petition for said fees and costs . . ." There is no dispute that the services performed by Frank & Associates, P.C. were performed before Neil Frank, Esq. resigned from the bar, or before any alleged misconduct. As a result, Neil Frank is entitled to the fee for the work performed by his firm.

The compensation for a non-practicing attorney must be fixed by the court, which the Plaintiffs request that this Court accomplish in accordance with the Agreement between the parties and Former Class Counsel and Current Class Counsel, which is a split of the underlying contingent fee. Since Frank & Associates, P.C. no longer exists, said fees will be paid to Neil Frank's current counsel, who will then remit them to Neil Frank in accordance with their own agreement.

This arrangement would not compensate Mr. Frank for work done by other counsel, as Defendant alleges. Mr. Frank was the sole partner in Frank & Associates, P.C. and paid his associates a salary and benefits, and covered the overhead expenses of the law firm. Through his own capital contributions, he kept the firm afloat during lean times. There would be no point for the associates to seek compensation under *quantum meruit* since they were already compensated

for their time by Mr. Frank.  As a result, Mr. Frank, as the sole partner who bore the risk of loss, should be entitled to the agreed upon fees.

In *The Dweck Law Firm, L.L.P.,* 2004 WL 1794486 (S.D.N.Y. 2004), the discharged law firm sought fees for time spent on a contingency case, and the court considered the lodestar for both the partner *and associate*.  Similarly, in awarding the agreed upon fee to Plaintiffs' Current and Former Counsel in this case, the Court should consider the lodestar from all counsel for Plaintiff's former counsel, not just Neil Frank.

This Court is not limited to the lodestar as a method to calculate the fee.  In fact, the parties already agreed to a contingent fee, and Current and Former Class Counsel have worked out the split.  Importantly, "[n]othing in the Disciplinary Rule governing the fee of a disbarred attorney for work performed prior to disbarment limits a recovery based on *quantum meruit* to an hourly rate." *Decolator, Cohen & DiPrisco, LLP v. Lysaght, Lysaght & Kramer P.C.,* 304 A.D.2d 86, 92, 756 N.Y.S.2d 147  (1st Dept. 2003).  Thus, the First Department held that, "[a]warding [former counsel] Lysaght *a percentage of the contingency fee* earned in the Farrell matter based on the proportionate share of the overall services it performed before the disbarment of its principals is consistent with 22 NYCRR § 603.13(b) and does not, as [current counsel] DCD argues, result in fee sharing with a disbarred attorney for services performed by the successor lawyer." *Id.* (emphasis added). Consequently, the First Department fixed the amount of the contingent fee in favor of the successor of the former law firm, whose principals were disbarred, which is not fee-sharing.  This court should do likewise.  The First Department did not inquire into the destination of the proceeds paid to the successor firm, or if the disbarred counsel would receive the fee for the work they performed.  Similarly, this court need not inquire into the destination of the proceeds paid to an existing entity on behalf of the defunct Frank & Associates, P.C.

Finally, Defendants feign surprise that the payment is to be rendered to "Raymond Nardo, P.C." who represents the interested party, Neil Frank, Esq.  Since Frank & Associates can no longer do business, this is unremarkable.  Defendants also claim that they do not know if the defunct Frank & Associates, P.C. "has liens or other obligations."  Defendants could satisfy this curiosity by performing a judgment lien search on Frank & Associates, P.C.  The judgment lien search performed by my office revealed no judgments or liens.

Nothing in the Settlement Agreement, or the distribution of fees, violates any disciplinary rule, nor Opinion #609 from the New York State Bar Association.  Neil Frank, as the sole partner in Frank & Associates, P.C. is entitled to recover the agreed upon fee, as fixed by this court, which has already been agreed upon by Current and Former Class Counsel.

RAYMOND NARDO, P.C.

Letter to Judge Azrack
Page 3

Thank you for your consideration.

                                                                    Respectfully submitted,

                                                                    RAYMOND NARDO, ESQ.

RN:rn
cc:      Counsel of Record by ECF

RAYMOND NARDO, P.C.