

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

April 1, 2024

**VIA ECF**

Hon. Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Tanza v. Garda CL Atlantic, Inc.,* 2:15-cv-04394

Dear Judge Azrack:

I represent one of the class members, Sara Cioffi. I write in opposition to the application for attorneys' fees submitted by Raymond Nardo, P.C. on behalf of former class counsel, Neil Frank. The proposed release agreed to by Neil Frank, in one fell swoop, violates both Rule 23 and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Therefore, to the extent that the Court is inclined to enforce the release proposed by Garda, and agreed to by Mr. Frank, we respectfully oppose the payment of any fees to him or his representative.

**I.      Introduction**

A fiduciary duty existed even prior to preliminary approval of the proposed settlement:

[A]lthough prior to class certification there may be no formal attorney-client relationship between putative class counsel and a putative class, there is little doubt that an attorney pursuing a class suit . . . generally must act in the class's best interests. Courts sometimes say that putative class counsel have a fiduciary duty to the incipient class." 6 *Newberg and Rubenstein on Class Actions* § 19:2 (6th ed.); *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2017 U.S. Dist. LEXIS 141095, 2017 WL 3782101, at *6 n.2 (N.D. Cal. Aug. 31, 2017) ("[p]rior to certification, putative class counsel has . . . a fiduciary duty to the class"); Rule 23(g)(2), 2003 Advisory Committee Note ("an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole").

*Bonura v. Uhl Ventures L.L.C.*, No. 1:22-cv-00395-JLS-JJM, 2023 U.S. Dist. LEXIS 41856, at *7-8 (W.D.N.Y. Mar. 9, 2023).

As an initial matter, there is no dispute that Mr. Frank *never represented* the named plaintiffs or class members with regard to claims other than under the Worker Adjustment and Retraining Act ("WARN") and the New York State Worker Adjustment and Retraining

Hon. Joan M. Azrack, USDJ 
MOSER LAW FIRM, PC

Re: *Tanza v. Garda CL Atlantic, Inc.,* 2:15-cv-04394,
Page 2

Notification Act ("NYS WARN")(Collectively "WARN Acts"). This is stated explicitly in the notice. *See* ECF No 159, Section I, *Descriptions of the Actions*.  Therefore, Mr. Frank was acting outside of the scope of his authority to the extent that he agreed to a release of unrelated claims.

In order to participate in the class settlement, a class member must sign a consent form which states, in part:

> Your signature below constitutes a full release [of] any and all claims, debts, penalties, liabilities demands, obligations, guarantees, costs, expenses, attorneys fees, costs, damages, actions or causes of action of whatever kind or nature whether known or unknown, that. . .in any way relate to your employment with Garda, including but not limited to all claims for violation of the WARN Act, NYS WARN Act, *and any wage and hour law, including the fair labor standards act, for wages, penalties, interest, damages, liquidated damages attorney's fees and costs,*[1] and injunctive and other equitable relief.

The release envisioned for "doing nothing" similarly states:

> If you do nothing, you will not receive any payment from the settlement and, if the Court approves the settlement, you will be barred from bringing any claims against Garda relating to your employment with Garda

**II.      The release is overbroad to the extent that it includes claims arising out of conduct not related to the complaint.**

> Because a release may reach claims that could not have been asserted in the initial class action, courts have developed a requirement that the release may only reach claims that stem from an identical factual predicate as those in the underlying action. Thus, the settling defendant may only buy a release that extends up to and not beyond the [identical factual predicate doctrine].[2]

> [A] court cannot approve a class settlement release and consequently the settlement unless it determines the release will not extend beyond the boundaries of the [identical factual predicate doctrine]. In entering a final judgment approving a class settlement, the court makes the necessary determination that the release does not capture claims that do not share an identical factual predicate.[3]

"[C]ourts in this Circuit have found fault with overbroad releases in the class action context." *Burgos v. Ne. Logistics, Inc.*, No. 15 CV 6840 (CBA) (CLP), 2018 U.S. Dist. LEXIS

---

[1] Emphasis supplied.
[2] Kris J. Kostolansky & Diane R. Hazel, *Class Action Settlements: Res Judicata, Release, and the Identical Factual Predicate Doctrine*, 55 IDAHO L. REV. 263, 265 (2019).
[3] Kris J. Kostolansky & Diane R. Hazel, *Class Action Settlements: Res Judicata, Release, and the Identical Factual Predicate Doctrine*, 55 IDAHO L. REV. 263, 280 (2019).

Hon. Joan M. Azrack, USDJ  MOSER LAW FIRM, PC 
Re:     *Tanza v. Garda CL Atlantic, Inc.,* 2:15-cv-04394,
Page 3

71354, at *11-12 (E.D.N.Y. Apr. 26, 2018). "The law is well established in this Circuit and others that class action releases may include claims not presented and even those which could not have been presented as long as the released conduct arises out of the '*identical factual predicate*' as the settled conduct." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 107 (2d Cir. 2005)(citing *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982)).

The facts asserted in the Complaint[4] are as follows:

9. The Class worked at Defendants' facility located at 1640 Veterans Memorial Highway, Central Islip, NY[.]

10. On January 23, 2015, Defendants' Branch Manager, Sam La Rocca, Manager of Labor and Employee Relations, Lawrence K. Pontrelli, and Branch Manager, Prakash Varughese, met with GARDA employees and distributed a letter titled "Notice of Transfer, Termination of Employment, and Consolidation of Central Islip and Long Island City Operations at the Long Island City Facility."

11. In the letter, Defendants advised the employees it was consolidating the Central Islip and Long Island City operations at 526 45th Avenue, Long Island City, New York 11101 effective February 1, 2015. Defendants offered to transfer the employees to the Long Island City facility, located almost fifty (50) miles away from Central Islip. However, Defendants' relocation created an unreasonable commuting distance for the employees, since almost all of them reside in Suffolk County.

12. Furthermore, Defendants stated all employees would be terminated effective April 23, 2015, including those who agreed to be transferred to Long Island City.

13. On February 1, 2015, Defendants closed its Central Islip facility and relocated to the Long Island facility without providing the employees with sixty (60) day written notice in violation of WARN. As a result, more than fifty (50) full-time employees experienced "employment loss" as defined in WARN.

Therefore, as a legal representative of the class, Mr. Frank had a fiduciary duty, consistent with Rule 23, to limit the terms of any proposed release to claims arising out of the closing of the facility.

---

[4] *See* Complaint, 15-cv-04394-JMA-AYS (ECF No. 1). The NYS WARN Act case similarly alleges facts relating only to NYS WARN Act claims. *See* 17-cv-3185, ECF No. 1 (¶¶ 9-19).



### III.   The release agreed to by Mr. Frank violates *Cheeks*.

Under *Cheeks*, district courts are "required to review the fairness of a settlement waiving FLSA rights before giving effect to a stipulation of dismissal with prejudice of a complaint asserting such rights." *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022)(citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)).  Here, the complaint does not even assert FLSA claims, and therefore there is no reason to extract a waiver from the Class for FLSA claims.  Nevertheless, in order to receive damages for violation of the WARN Acts, the settlement requires class members to release all FLSA claims.  The value of the FLSA claims has not been presented to the Court or to the clients.

It appears that Garda claims that it negotiated for a release of FLSA Claims with Mr. Frank and is entitled to the benefit of its bargain.  However, as pointed out in *Debora Young v. S. Queens Park Ass'n Inc.*, No. 19-CV-1354-CBA-SJB, 2020 U.S. Dist. LEXIS 267670, at *6-7 (E.D.N.Y. May 28, 2020),

> Defendants claim that at the mediation they negotiated for a "full release"of all claims, and as such, they are entitled to such a release. The parties can agree to whatever they wish, but if the agreement requires Court approval, as this one does, the provision must comport with limits on such agreement, which, in FLSA cases in this Circuit, are guided by *Cheeks.*

**Conclusion.**  Here, the release should have been carefully tailored consistent with the Second Circuit's decisions in *Cheeks*, 796 F.3d at 206 and *Wal-Mart,* 396 F.3d 96, 107.  Garda essentially asked Mr. Frank for an overbroad release inconsistent with Second Circuit law, to which he agreed. The law is well settled that an attorney who breaches a fiduciary duty to a client is not entitled to fees for any services rendered. *Baugher v. Cullen & Dykman, LLP*, 2019 NY Slip Op 04904, ¶ 1, 173 A.D.3d 959, 959, 103 N.Y.S.3d 136, 137 (App. Div. 2nd Dept.).  For the foregoing reasons, and only to the extent that the Court is inclined to approve the release proposed by Garda and agreed to by Mr. Frank, we respectfully oppose the payment of attorneys' fees to him.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:   All counsel of record via ECF