# RAYMOND NARDO, P.C.

A T T O R N E Y  A T  L A W

129 THIRD STREET, MINEOLA, NY 11501

Phone: (516)248-2121 | Fax: (516)742-7675 | Email Raymondnardo@gmail.com

April 5, 2024

BY ECF

Hon. Joan M. Azrack
United States District Judge
United States District Court
100 Federal Plaza
Central Islip, NY 11772

   Re: Tanza v. Garda Security
      15-CV-04394
      16-CV-00641
      17-CV-03185

Honorable Judge Azrack:

I represent Frank & Associates P.C., an interested party in the above matter.  This is in reply to an April 1, 2024, letter from Moser Law Firm, PC which contains numerous inaccuracies.  Attorney Moser claims to represent one of the class members, Sara Cioffi.  In fact, as set forth below, Ms. Cioffi is represented by Scott Michael Mishkin P.C. for her claims in this settlement.  Ms. Cioffi has no other extant claims.

Attorney Moser claims that the proposed settlement agreement violates *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 206 (2d Cir. 2015) because it includes language waiving claims under the Fair Labor Standards Act ("FLSA").  According to Attorney Moser, "[t]he value of the FLSA claims has not been presented to the Court or to the clients."

In fact, this lawsuit does not contain any FLSA claims.  Attorney Moser represented several clients who filed FLSA claims against Defendants (16-CV-00641, Dkt. #1).  These claims resolved for $100,000, and this Court held a fairness hearing, pursuant to *Cheeks*, which awarded Attorney Moser $50,000 in counsel fees (Dkt. # 74).  Those were the only FLSA claims brought against Garda.

Attorney Ball filed a complaint, and amended complaint, alleging violations of New York State Law (Dkt. # 33).  The court dismissed all these claims *with prejudice* (Dkt. ## 50, 99).  While Attorney Moser then undertook representation of those previously represented by Attorney Ball, and indicated an intent to vacate the dismissals, any such motion has apparently been abandoned.  Thus, since there are no FLSA claims in this case, the FLSA release is academic.  Attorney Moser's client – Sara Cioffi, on behalf of her deceased husband – never had, and never

Letter to Judge Azrack
Page 2

---

interposed, any claims in this matter other than those arising under the WARN Act, where different counsel represents her.

Not only are there no extant FLSA claims, Defendant ceased operating in 2014. As a result, any inchoate FLSA claims held by a class member are plainly barred by the two to three year statute of limitations.

Further, like all class actions, the agreement contains an opt-out clause. If Attorney Moser's clients are dissatisfied with the breadth of the release, they can opt out of the settlement and litigate their claims separately.

The release was bargained by experienced counsel who agreed to a general release, even though the complaint filed by Frank & Associates was limited to Worker Adjustment and Retraining Notification ("WARN") Act claims. Mr. Frank fulfilled his duty to the class by negotiating a release to provide compensation to employees whose rights were compromised by Defendant Garda. He discharged his fiduciary duty to the class. The settlement will be the same with or without the FLSA release, which remains at the discretion of the Court.

In sum, this Honorable Court should not waste its valuable resources by engaging in a *Cheeks* fairness hearing where there are no FLSA claims, and no possible FLSA claims. The FLSA claims were settled to the benefit of Attorney Moser and his clients.

Thank you for your consideration.

Respectfully submitted,

RAYMOND NARDO, ESQ.

RN:rn
cc:     Counsel of Record by ECF

RAYMOND NARDO, P.C.