UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, *et al.*, on behalf of themselves and all others similarly situated,[1]<br><br>Plaintiffs,<br><br>-against-<br><br>GARDA CL ATLANTIC, INC.,<br><br>Defendant. | Case No. 15-CV-04394 (JMA)(AYS)<br><br>Case No. 17-CV-03185 (JMA)(AYS) |

**DEFENDANT'S RESPONSE TO COURT'S APRIL 21, 2025 ORDER**

Defendant, Garda CL Atlantic, Inc., files its response to the Court's April 21, 2025 Order (Doc. 174), and respectfully states as follows:

1. In its April 21, 2025, Order, the Court "recommends that Garda narrow the release in the Class Action Settlement, Class Notice and Claim form so that it no longer covers wage hour claims," "to avoid further potential litigation." Doc. 174.

2. Garda will consent to amending the release to carve out *Tanza* Plaintiff John Rossi's claim to effectuate the Court's April 21, 2025's *Memorandum and Order* in *Jimmy Adkins et al. v. Garda CL Atlantic, Inc.*, Case 2:16-cv-00641, which severed Mr. Rossi's New York Labor Law claims asserted in the March 24, 2017, Verified Complaint and remanded them to state court.[2]

3. The remaining *Tanza* Plaintiffs and Settlement Class Members either have (1) had their wage-hour claims separately settled (Dennis D'Aguino and Barry Dubrow, through his

---

[1] Deceased Named Plaintiffs Charles Engel and Alexander Cioffi were dismissed as parties, without prejudice to the right of their surviving spouses to participate in the preliminarily approved class action settlement. Named Plaintiffs Fred Smith, Glenny Adon, and Justin Griffin were also dismissed, also without prejudice to participate as settlement class members. *See* Order Granting Preliminary Approval of Class Action Settlement, ECF No. 162 at *2.

[2] No class or collective claims were asserted in the *Adkins*' Verified Complaint.

Estate)[3]; (2) stipulated to the dismissal of their wage hour claims with prejudice (Jimmy Adkins, Nancy Debe, and Jean-Louis Parnell, Case 2:16-cv-006413 at ECF No. 88); (3) had their wage-hour claims dismissed, with prejudice, on August 16, 2018 (Kerem Bay, Lana Bongiovi, Clement Campell, Alexander Cioffi, Patrick H. Crain, David Cronk, Dennis DeLucie, Charles Engel, Matthew Farrell, Benny Failla, Robert J. Giani, John R. Lackenbauer, William J. Maher, William R. Shannon, Fred H. Smith, Gary E. Sobek, Damian Sobers, Carmela Szymanski, Anthony Tanza and Cynthia Torres, Case 2:16-cv-006412 at ECF No. 50)[4]; or (4) have no viable wage-hour claims because NYLL's six-year statute of limitations has long since lapsed, given that the WARN event occurred effective more than ten years ago, effective February 20, 2015.

4. Both Garda and Class Counsel for the *Tanza* Plaintiffs are invested in resolution of this action so that the settlement administration process can commence, and the *Tanza* Settlement Class can receive their settlement shares.

5. However, Garda also has interest in seeking a definitive end to all the overlapping litigation that has arisen from its closure of its Central Islip Branch in 2015 and has every reason to believe that a carveout will only fuel more litigation that ultimately will be inefficiently pursued and will lack merit from inception given the passage of time. Thus, Garda respectfully wishes only to carve-out Mr. Rossi's claims and leave the remainder of the *Tanza* settlement intact.

---

[3] Donald Hess was a party-plaintiff to the *D'Aguino* case and settled his claim; however, he is not a *Tanza* Plaintiff or Settlement Class member because he was terminated on August 13, 2014, six months prior to the WARN event giving rise to this action.
[4] Angelo Carpola and Michael G. McDowell are *Adkins* Plaintiffs whose claims were dismissed, but they are not *Tanza* settlement class members because they were terminated before the WARN event.

Dated: April 29, 2025

Respectfully submitted,

LITTLER MENDELSON, PC
By:   /s/ *Jessica T. Travers, Esq.*
Jessica T. Travers
111 N. Orange Ave, Suite 1750
Orlando, FL 32801

Joseph A. Gusmano
290 Broadhollow Road, Suite 305
Melville, NY 11747
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 29, 2025, a true and correct copy of this response was served on all counsel of record via CM/ECF.

By: /s/ *Jessica T. Travers*
      Jessica T Travers, Esq.