Case 2:15-cv-04394-JMA-AYS   Document 177   Filed 05/01/25   Page 1 of 4 PageID #: 793

CLERK OF U.S. DISTRICT COURT, EDNY
100 FEDERAL PLAZA
P.O. BOX 9014
CENTRAL ISLIP, NY 11722-9014

OFFICIAL BUSINESS

MID-ISLAND NY 117
22 APR 2025 PM 3

quadient
FIRST-CLASS MAIL
IMI
$000.69
04/22/2025 ZIP 11722
043M31248102

US POSTAGE

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 01 2025 ★

LONG ISLAND OFFICE
LEGAL MAIL

Glenny V. Adon
53 12th Avenue
West Babylon, NY 11704

NIXIE        100    FE  1         0004/29/25
            RETURN TO SENDER
       NOT DELIVERABLE AS ADDRESSED
              UNABLE TO FORWARD
BC: 11722901414      *1502-04280-22-41

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-----------------------------------------------------------X
ANTHONY TANZA, MICHAEL S. BOSMAN,
et al., *on behalf of themselves and all
others similarly situated*,

                Plaintiffs,

**ORDER**
15-CV-4394 (JMA) (AYS)
17-CV-3185 (JMA) (AYS)

     -against-

GARDA CL ATLANTIC, INC.,

               Defendant.
-----------------------------------------------------------X

**AZRACK, United States District Judge:**

In an order dated January 19, 2024 ("Jan. 19 Order"), the Court preliminarily approved the Class Settlement, Class Notice, and Claim Form. (ECF No. 162.) The Jan. 19 Order was based on a proposed order submitted by the parties. No one objected to the proposed order, which the Court adopted with certain modifications.

In the Jan. 19 Order, the Court directed that motions for attorney's fees be submitted within 14 days and directed that any responses by filed within 21 days. This briefing schedule comported with Federal Rule of Civil Procedure 23 and this Court's routine practice of requiring Class Counsel to file their motion for attorney's fees before the Class Notice. The briefing schedule set by the Court included a response deadline given the unusual circumstances surrounding attorney Neil Frank and the fact that it was not clear what position Garda would take on Frank's fee application. The Court has always ruled on motions for attorney's fees in conjunction with the Plaintiffs' motion for final approval, which can only be filed after the objection/opt-out deadline has passed. In the Jan. 19 Order, the Court scheduled a final fairness hearing for May 14, 2024 that accounted for the time necessary for the mailing of the notice and the 60-day objection/opt-

1

out period. As such, the Court assumed that the Class Notice would be promptly mailed and that the Court would decide the attorney's fees motion in conjunction with the Plaintiffs' motion for final approval after the class notice had been mailed and the 60-day objection/opt-out period had elapsed. (See Jan. 19 2024 Order ¶ 8 ("The Court orders that the Settlement Administrator send the Notice as set forth in the Agreement to the members of the Class.").)

As Class Counsel's letter to the Court indicates, (ECF No. 171) the parties apparently envisioned a different process based on one sentence in the Jan. 19 Order (and the original proposed order) stating that "No deadlines shall run under the Agreement until the issue of fees and costs are resolved by the Court." Considering this confusion, the Court adjourned the final fairness hearing since, as of May 10, 2024, the Class Notice had not yet been mailed to the Class.

After the Jan. 19 Order, attorney Steven Moser filed a letter dated April 1, 2024 purportedly on behalf of Sara Cioffi. (ECF No. 169.) Moser's letter is styled as an opposition to Neil Frank's application for attorney fees.[1]

Moser's April 1, 2024 letter is procedurally defective because Moser never filed a notice of appearance of behalf of Sara Cioffi. Accordingly, the Court strikes this letter and refuses to consider it.

Nevertheless, this class action has been pending for a long time and the Court wishes to expedite the resolution of the class settlement. Therefore, in an effort to avoid any further potential litigation, the Court recommends that Garda narrow the release in the Class Settlement, Class Notice, and Claim Form so that it no longer covers wage-and-hour claims. Garda shall inform the Court by April 29, 2025 whether it will consent to this amendment.

---

[1] Counsel for Neil Frank filed a response dated April 5, 2024. (ECF No. 170.) It is not clear if Class Counsel, Scott Mishkin—who did not file a separate response—joined in that April 5, 2024 response. Garda did not file a response.

2

Case 2:15-cv-04394-JMA-AYS   Document 177   Filed 05/01/25   Page 4 of 4 PageID #:
Case 2:15-cv-04394-JMA-AYS   Document 174   Filed 04/21/25   Page 3 of 3 PageID #: 785
786

**SO ORDERED.**

Dated: April 21, 2025
Central Islip, New York

               /s/ (JMA)
            JOAN M. AZRACK
            UNITED STATES DISTRICT JUDGE

3