UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY TANZA, MICHAEL S. BOSMAN,
et al., *on behalf of themselves and all others similarly situated*,

                       Plaintiffs,

        -against-

GARDA CL ATLANTIC, INC.,

                       Defendant.
------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
8/12/2025 4:35 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
15-CV-4394 (JMA) (AYS)
17-CV-3185 (JMA) (AYS)

**AZRACK, United States District Judge:**

In an order dated January 19, 2024 ("Jan. 19 Order"), (ECF No. 162), the Court granted the Named Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"), (ECF Nos. 71, 151, 159, 160). The Court hereby amends the Jan. 19 Order based on subsequent events and filings. This amended order granting the motion for preliminary approval controls. For good cause shown, and as more fully explained below, the Motion is GRANTED.

    1. **Preliminary Certification of the Rule 23 Class**

For the purposes of settlement only, the Court preliminarily finds that the proposed Settlement Class, as defined in the Settlement Agreement and Addendum between the Parties (the "Agreement"), ECF Nos. 71, 151, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed Rule 23 Class:

> All individuals who, as of January 23, 2015, were employed by Garda CL Atlantic, Inc. at its Central Islip, NY branch.

Not later than ten (10) days after the date of this Order, Defendant will provide the Settlement Administrator with a spreadsheet listing the names and last known addresses of the Settlement Class Members.

**2. Nullification** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, or is invalidated on appeal or terminated pursuant to its own terms.

**3. Class Representatives and the Other Named Plaintiffs** The Court grants approval to the Named Plaintiffs Anthony Tanza, Michael S. Bosman, Gary E. Sobek, Carmela Symanski, Lana Bongiovi, Jimmy Adkins, Michael Boneta, Dennis Delucie, Albert Velazquez, and Willam Shannon to serve as Class Representatives with respect to the settlement. Named Plaintiffs Charles Engel and Alexander Cioffi have died. The Court's Jan. 19 Order dismissed the claims of Engel and Cioffo without prejudice to the rights of their living spouses to receive notice of the settlement, participate the same as any other class members, and to claim their respective settlements shares. Named Plaintiffs Fred Smith, Glenny Adon, and Justin Griffin were proceeding pro se and were unresponsive to counsel's efforts to contact them. The Court's Jan. 19 Order dismissed the claims of Smith, Adon, and Griffin without prejudice to their right to receive notice of the settlement, participate the same as any other class members, and to claim their respective settlements. Named Plaintiffs Robert T. Giani, Dieter Kern, and James Hetti are proceeding pro se. They shall be sent notice of the settlement, may participate the same as any other class members, and have the right to claim their respective settlements shares.

**4. Class Counsel** The Court appoints as Class Counsel for the Settlement Class Kyle Pulis of Scott Michael Mishkin, P.C.

2

5. **Preliminary Approval of the Agreement**  The proposed settlement is set forth in the Agreement, (ECF Nos. 71, 151) as modified by Defendant's April 29, 2025 letter, (ECF No. 176), in which Defendant consented to amendment of the release in the Agreement to carve out John Rossi's wage-and-hour claims under the New York Labor Law.  The Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Fairness Hearing, as provided in Paragraph 7 below.

6. **Settlement Administrator**   Rust Consulting is approved as the Settlement Administrator of the settlement as set forth in the Agreement.

7. **Fairness Hearing**  Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing to consider final approval of the settlement, attorney's fees, and service awards will be held on December 10, 2025 at 3:00 PM in Courtroom 920 of the Central Islip Courthouse, 100 Federal Plaza, Central Islip, New York, 11722.[1]  The date and time of the Fairness Hearing shall be set forth in the notice sent to the class, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted on ECF by the Court.  The parties shall file a motion for final approval (and any supplemental attorney's fees motion) no later than fourteen (14) days before the Fairness Hearing.

8. **Notice to the Class**  The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice"), which was originally submitted by the parties and has been revised by the Court, is approved.  (See ECF No. 162-1.)  The Notice sent to John Rossi shall inform him, at all relevant points in the Notice, that his wage-and-hour claims under the New York Labor Law are not subject to the release in the Agreement.  The Court orders that the Settlement Administrator send the Notice as set forth in the Agreement to the members of the Class.

---

[1] 1 To ensure that the parties have time to comply with the notice provisions of the Class Action Fairness Act, the Fairness Hearing shall be scheduled no less than 100 days following the date of this Order.

9. **Exclusion from the Settlement** Any member of the Class who does not wish to participate in the settlement may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion (whether submitted on the provided Opt-out Form or otherwise) must include the individual's name, address, and telephone number; must be signed by the Settlement Class Member; must contain an unequivocal statement that the individual requests to be excluded from the class; and must be postmarked by sixty (60) days following the date of the initial mailing of the Notice Packet (the "Mailing Date").

10. **Objections** Any Class Members who wish to assert objections at the Fairness Hearing to the proposed settlement, attorney's fees, or service awards must do so first in writing. To be considered, such statements must: be signed and notarized by the objector; include their address and telephone number; be sent to the Settlement Administrator, Class Counsel and Defendant's counsel via U.S. First Class Mail; and be received by the Settlement Administrator, Class Counsel, and Defendant's counsel, by a date certain, to be specified on the Notice, which for each Class Member shall be sixty (60) days after the Mailing Date. The Settlement Administrator shall stamp the date received on the original and send copies of each objection to Class Counsel and Defendant's counsel not later than three (3) business days after receipt thereof. Class Counsel shall file the date-stamped originals of any and all objections with the Court within three (3) business days after receipt from the Settlement Administrator. An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state their intention to do so at the time they submit their written objections. An objector may withdraw their objections at any time. No Class Member may appear at the Fairness Hearing unless they filed a timely

4

objection that complies with the procedures provided herein and in the Notice. Any Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) days before the Fairness Hearing.

      11. **Attorney's Fees, Costs, and Service Awards**  Class Counsel and counsel for Frank and Associates have filed their motions for attorneys' fees and costs. Defendant's response and a reply from Frank and Associates have also been filed. The Court will not rule on any fees motion prior to the Fairness Hearing.

      Under the Agreement, Named Plaintiffs Anthony Tanza, Michael S. Bosman, Robert T. Giani, Gary E. Sobek, Carmela Symanski, Lana Bongiovi, Jimmy Adkins, Michael Boneta, Dieter Kern, Dennis Delucie, Albert Velazquez, James Hetti, Charles Engel, Alexander Cioffi, Barry Dubrow (through his Estate), and William Shannon can seek service awards. These Named Plaintiffs assert that they sustained the burden of delay arising from various circumstances since the original Settlement was made and that special circumstances exist to warrant the service award of $1,000 contemplated by the Agreement. The Court preliminarily approves the requested service awards.

      12. **Effect of the Agreement**  All members of the Settlement Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Agreement.

      13. **Voiding the Agreement**  Pursuant to the Agreement, if 10% or more of the members of the Rule 23 Class elect to be excluded, Defendant will have the right, in its sole discretion, to void this Agreement by filing with the Court a notice as set forth in the Agreement. If Defendant

files a timely notice, then the Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

14. **Order for Settlement Purposes**  The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

15. **Stay**  All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement or as the Court otherwise determines are necessary, are stayed and suspended until further order of the Court.

16. **Use of Agreement and Ancillary Terms**  Neither the Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**SO ORDERED.**

Dated: August 12, 2025
Central Islip, New York

                                                           /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE